## LONG V. ANDERSON.

If the petition exhibit a cause of action which is barred by the statute of limitations, the defendant can avail himself of the defect on assignment of error, although he may not have done so by answer, demurrer, or motion in arrest of judgment. (Note 91.)
The case of Coles *v.* Kelsey and Swenson and others *v.* Walker's Adm'r cited and approved; and the case of Petty *v.* Cleveland cited and overruled.

Error from Houston. Suit instituted on the 11th of January, 1845, on a due bill dated and due on the 4th of February, 1839. Judgment by default.

Long v. Anderson.

*Thomas J. Jennings*, for plaintiff in error. The note sued on was barred by the statute of limitations and by prescription, on the principle recognized in the cases of Gautier *v.* Franklin (1 Tex. R., 732) and Hays *v.* Cage, (2 Tex. R., 501.) The defendant can take advantage of this defense on error. (Coles *v.* Kelsey, 2 Tex. R., 541; Swenson and others *v.* Walker's Adm'r, 3 Tex. R., 93.)

*S. A. Miller*, for the defendant in error, suggested delay.

LIPSCOMB, J. The suit in this case was commenced by the defendant in error, against the plaintiff in error, on the 11th of January, 1845, on a note or due bill dated on the 4th of February, 1839, payable immediately. There was a judgment by default, there being no appearance or answer by the defendant in the court below. The cause is brought before us on a writ of error, and the error assigned is the giving judgment against the defendant, when the record shows the cause of action to have been barred before the commencement of the suit.

This point has never been directly decided by this court. We were, however, fully aware, in the decision of Coles *v.* Kelsey, (2 Tex. R., 541) and in Swenson *et al v.* Walker's Administrator, (3 Tex. R., 93.) that a case of this kind would be embraced in the principles of those decisions. We do not propose again discussing the doctrine we laid down in those cases, because we have the most unshaken confidence in the correctness of the views then expressed as the opinion of a majority of the court, resulting from our system of litigating rights. We then showed that the first decisions under the statute of James I, chapter 16, section 3, were decided in conformity to the views we have taken: that when the record showed that the suit was brought after the time limited in the statute, the defendant could take advantage of it by motion to the court or by motion in arrest of judgment. We showed that when this rule of decision was changed, the reason assigned in support of such change was that perhaps the plaintiff [424] might be able to prove one of the exceptions in the statute, and that this he could do under the general *indebitatus* count in an English common-law declaration; that any matter that could not be received in evidence under that count must be specially alleged in the special count; that it must therefore be pleaded by the defendant; that, as we had no common or *indebitatus* counts in our practice, everything necessary to a recovery must be specially alleged in the petition and proved. We referred to the proceedings on a bill in chancery, as practiced in the United States Courts, to show that there was the most striking analogy between the practice in those courts and our practice by bill and answer, and that the precedents in that court would be better authority for us than common-law precedents.

It would, perhaps, at this time be exceedingly difficult to ascertain when the common *indebitatus* count was introduced; but there can be no doubt that it was an interpolation on the English declaration, craftily designed to mar the beauty of the system and defeat the object for which the declaration was originally designed: to be a full, clear, and explicit exposition of the grounds of action. An English judge, commenting on the variety of grounds of action that might be proved under this count, and the uses to which it was subservient, remarks "that he was a bold man who invented it." Bold, crafty, and unscrupulous he must have been who by such an artifice could subvert a system that proudly boasted that under its benign influence no one could be called on to answer to any charge against him without at the same time being fully apprised of the nature and character of such charge. Such abuses and artifices can find no covert or hiding place in our system from which to pounce upon the unwary and deluded defendant. And by repudiating the artifices of that protean count from our system, the huge mass of decisions made under its potent influence have been swept from our courts to slumber with ages that are gone. Let who may mourn their loss, I for one must say that my sympathies mingle in no such regrets. Under our system, by petition, the

plaintiff is required to make a frank, plain exposition of the grounds on which he seeks a judgment against the defendant; and if the application of the law of the land to the facts so stated, if true, will not sustain his action, the defendant can avail himself of such insufficiency, either by demurrer, motion in arrest of judgment, or on assignment of error. If there are any exceptions in the law by which the plaintiff would have a right to recover, he must allege in his petition such exception.

In the two cases of Coles v. Kelsey and Swenson v. Walker's Administrator we were fully aware that we overruled the case of Petty v. Cleveland, reported in 2 Tex. R., 404. That case was decided before Coles v. Kelsey was discussed; it was decided by a court composed of two judges. I did not sit in it, but if I had participated, as it was decided without the benefit of discussion on · this question, it is most probable I would have concurred in it. We are, however, now satisfied that it was not correctly decided, and feel it a duty to hold it not a binding authority. The defense being such as can properly be made available on an assignment of error in this court, by the construction given to the statute of limitations in Gautier v. Franklin (1 Tex. R., 732) and Hays v. Cage, (1 Tex. R., 501,) the statute had barred the right of action before the commencement of this suit. The judgment must therefore be reversed and remanded.

WHEELER, J., *dissenting*. I consider the decision in this case (as it is considered by the court) in principle the same as that in the case of Swenson v. Walker. I regarded that decision at the time as in effect asserting the doctrine that the statute of limitations may be taken advantage of on error, though not made a ground of defense by demurrer or otherwise, in the court below. My opinion of the law of the case, as I then expressed it, has undergone no change. That opinion constrains me to dissent from the present judgment, upon the ground that it is at variance with other decisions of this [426] court made prior to that in the case of Swenson v. Walker, which address themselves to my judgment with equal authority as precedents, and with the additional and controlling force of the most perfect conviction of their accuracy and justice. When the authorities and principles upon which those decisions are based shall have been, in my judgment, fairly met and answered, I shall bow with due submission to the authority by which they will then have been overruled. But until that is done I feel it my duty to adhere to the maxim of *stare decisis*.

For a more particular statement of the reasons of my dissent in this case, I refer to my opinion in the case of Swenson v. Walker, (3 Tex. R., 93.)

NOTE 91.—Page v. Findley, 5 T., 391; Crosby v. McWillie *et al.*, 11 T., 94; Cotton v. Jones, 37 T., 31.