SAM HOUSTON v. T. J. JENNINGS.

Where a suit is dismissed for want of prosecution, it is not necessary that the entry should recite that the plaintiff being called came not, nor that the suit was called in its regular order, nor that the defendant appeared or moved a dismissal.
Where a cause is regularly called, and neither party appears, the District Court is bound (by implication at least) under the statute, to dismiss it for the want of prosecution, having no authority to suffer a continuance unless it be allowed by operation of law, or by consent of parties, or for a sufficient cause supported by affidavit. (Hart. Dig. Art. 815.)
Where the plaintiff filed his petition under oath in June, 1853, to set aside a dismissal of a suit for want of prosecution, which had been entered in December, 1851, alleging that he had no notice of the dismissal until April, 1853, it was that held the plaintiff had been guilty of laches in not filing his petition sooner, which was not excused by the fact of his almost continuous absence at Washington City in the capacity of a member of the Senate of the United States; and the prayer of the petition was refused. (But see Hart. Dig. Art. 2385.—REPS.)

Error from Nacogdoches. On the 28th of July, 1847, Sam Houston, the plaintiff in error, brought an action in the nature of an action of trespass to try title in the Court below, against Thomas J. Jennings, the defendant in error, for the recovery of a house and lot, &c., situated in the town of Nacogdoches.

The said suit was on the 14th day of December, 1848, continued by consent; and on the 31st of May, 1849, it was again continued by consent. On the 12th day of June, 1850, James M. Ardrey, Esqr., announced to the Court, that he withdrew from the case, and the cause was then continued by the plain-

tiff, and on the 18th day of December, 1850, it was continued as on affidavit of plaintiff. And on the 11th day of December, 1851, it was "dismissed for want of prosecution," and it was therefore considered, ordered and adjudged by the Court that said defendant go hence without day, and recover of said plaintiff all costs of said proceeding to be taxed.

After the dismissal of said cause, the plaintiff on the 15th of June, 1853, filed his petition in the said District Court in which he recites all the proceedings had in the aforesaid cause, denies that he or his counsel were present, when the same was continued as on his affidavit, complains of the entry of dismissal for want of prosecution, and asks that the same be set aside and held for naught, because the Court ought not and had not the power to dismiss the cause for the want of prosecution, the record not showing that the plaintiff or his attorney was called or failed to appear, and because the defendant neither in person or by attorney appeared at the time of said dismissal, and because the said defendant did not in person or by attorney ask or move the Court to dismiss the same, and because the plaintiff was in Court by his petition and the cause, if disposed of by the Court, should have been submitted to a jury, and a verdict rendered in favor of the plaintiff or of the defendant. And because the defendant on the calling of the cause for trial, not appearing, the same should have been continued and not dismissed; because it does not appear that the said cause was regularly called in its due order for trial. He represents that in 1849 or 1850, he employed as his only counsel in said case (his original counsel having died and removed) Ardrey & Payne, regular practicing attorneys in said Court, to conduct and prosecute his cause, and that in compliance therewith, the said Ardrey entered upon his duties as such counsel, but the firm of Ardrey & Payne dissolved, and Ardrey was retained and appeared for him, after said contract, until the 12th day of June, 1850, when without any fault of his or just cause, he withdrew from said cause, without having previously notified him of such in-

Houston v. Jennings.

tention, so that he might employ other counsel; by said with-drawal, said Ardrey left the said cause wholly unrepresented. He further alleges that he had never, since said withdrawal by his said attorney, been notified of the fact or of the dismissal of the cause, until the latter part of April, 1853. He further alleges that he had relied solely on said Ardrey, and had every confidence and belief that he would have promptly and faithfully attended to his interest in the case until the deter-mination of said suit, as he had promised to do, or at least, that if he had intended to abandon his case, before doing so, he had never suspected but that said Ardrey would have noti-fied and apprised him of such intention before such abandon-ment, or at all events, that failing in that, that he would after such abandonment, have forthwith advised petitioner as to such action. The said petitioner alleges that he is advised and believes that the said Ardrey was in attendance upon said Court, at the time the said suit was dismissed, and well knew that the same was liable to be called for trial without being represented by counsel or by the plaintiff, and that he well knew, that the same was called under such circumstances; he failed, refused and neglected to appear for said petitioner or to except to the action taken by the Court in the case, to move to set aside the judgment, to arrest the same, to give notice of an appeal to the Supreme Court or take any step whereby to secure or save the said petitioner's rights in the premises, and in both instances, actively and passively did every thing which could endanger, jeopardize and ruin the said petition-er's right or cause of action. He charges that the said Ar-drey deliberately caused his cause to be dismissed and vio-lated his trust as an attorney, unknown and unexpectedly to said petitioner, when he could not by any ordinary foresight have guarded himself against such a result. He represents that since the institution of this suit he has had the honor of representing the State of Texas in the United States Senate, and up to the time and since the dismissal of said suit, he has been for a very great portion of the time in the city of Wash-

ington in the District of Columbia, and as well as he remembers was on the day of said dismissal in said city, and being much employed in the more important business of the public, and being absent from the State for long intervals, and believing that his interest in this said cause was in the hands of a trusty and efficient attorney, he had not and has never been able to give it his individual attention and presence, which indeed his public duties prevented and forbad, which facts petitioner mentions by way of showing why he has not been more successful in ascertaining, since said dismissal, the condition of said case, as well as to show why he had not, after the withdrawal of said Ardrey, employed some other counsel. He alleges that he has a just and good cause of action and is entitled under the principles of law, equity and good conscience to recover the property sued for. How far a refusal to reinstate his cause may affect him, he knows not; he fears that his cause of action, if driven to institute a new suit, may be barred by the statute of limitations, and if the same is barred as to a recovery against Thomas J. Jennings, he fears that he is remediless in the premises unless the relief prayed for is granted; he prays that the proceedings had in said suit be examined and reviewed, and that the judgment be set aside and the cause re-instated, &c. He swears that the facts stated in the foregoing petition, as stated of his own knowledge are true and the facts stated upon the the information of others he believes to be true.

To which said petition the said Thos. J. Jennings on the 6th of December, 1853, filed exceptions, in which he says, he excepts to the same because the matters and things therein stated and set forth as the same are therein alleged are not sufficient in law, to enable the Court to make the order or decree therein prayed for, and the said defendant with respect asks and moves the Court to dismiss and strike from the docket without answer thereto, the said last filed petition for the following reasons: 1st. The judgment of dismissal or *non pros* shown in said last filed petition to have been given by the

Court and duly entered on the 11th day of December, 1851, is, under the law of the land, a complete and perfect bar to the present petition and prayer of plaintiff, whether he be a private citizen or a United States Senator. His senatorial position would be an equally good reason for reversing and setting aside at a remotely future Term, such action as the Court may take on the present petition and so on without end. 2nd. So far as said jadgment of dismissal is now complained of as erroneous, such error, if any exist, cannot at this time be subject of revision or correction in this Court, but only in the Supreme Court upon a writ of error. 3rd. If said newly filed petition is intended as an appeal to the equitable jurisdiction of this Court, for the grant of a new trial in a suit at law, then it is fatally defective in showing no equity or merits or grounds for relief in a Court of Equity, the copy of the original petition contained in the new petition and setting forth plaintiff's title not being sworn to, and the complaint against the plaintiff's counsel now urged being a matter, for which defendant is in no way responsible, but only the attorney complained of, if any one is. The affidavit to the new petition does not cover the allegation of title in the old petition, but only verifies the fact that such a petition was filed, &c. 4th. If the allegations of the old petition are to be taken as true on this application, without verification, so then are those of the original answer and that presents a perfect defence under the statute of limitations. 5th. Even if plaintiff show sufficient grounds on the score of " misfortune without fault," and in the use of proper diligence to bring the attention of the Court to the question of the propriety of setting aside the judgment of dismissal, the Court then would not do so, on the merits of plaintiff's title as shown by himself in his original petition, because, &c.

Which objections were sustained by the Court, and the plaintiff's petition dismissed.

*R. S. Walker*, for plaintiff in error. On the errors assigned it is conceived that the judgment as entered, exhibits an ab-

sence of material matters essential to its vindication. The province of the Court is to decide upon the altercations between the parties, and is not the actor; it must be moved to action. Therefore while the plaintiff was represented in Court by his petition, without motion of the defendant to dismiss, the province of the Court would have been to have continued the case, and such should have been its action. And the non-appearance of the defendant (the record does not show that either of the parties appeared) was equal to a consent for a continuance. While it is true, that "every presumption is in favor of the judgment," this aiding intendment must be bounded within certain limits. Its uncontrolled effect would prevent a party from "putting his finger on the error" from sheer meagerness possessed by it of all that it should show, for thus, all else might be supplied than that on its face, and the intendments in favor of the judgment would be as various and elastic as the emergencies of each case might require; and its fate no little dependent on the imagination of the revising Court. When, however, there is something to "intend" by, the case is different, for instance, a motion on file to dismiss for cause set forth, then the presumption arises that the action of the Court was upon the same. But, if for want of prosecution the case is dismissed, and neither the papers of the cause disclose at whose instance, or for what cause, nor the minutes of the Court show at what stage of the proceeding, or whether the "want of prosecution" consisted in absence of plaintiff, or failure to prosecute during the progress of the cause, it might seem possible that it would result in a fruitful source of uncertainty as to the true facts of which the records purport to be a history of the highest sanction. Facts, as cause of dismissal should appear; a vague entry as in this case is too uncertain as a statement showing cause for the Court's action.

The defendant's general exception and motion to dismiss for special causes thereof are fully met by the rules of equity on the subject of bills of review and of revivor.

To the first ground of special exception it may be sufficient to say that of the right to institute proceeding for this purpose, in any state of case, after the adjournment of Court at which the final judgment was rendered, there is no time limited by the statute applying to it by direct reference made to bills of this sort, and the Courts are forced to adopt a rule, either arbitrary, or by analogy to some one established applicable to cases having similar purposes. The assimilation to a writ of error to the Supreme Court is very pointed in every feature. "A bill of review for errors, apparent upon the face of the "record, will not lie after the time when a writ of error could "be brought; for Courts of Equity govern themselves in this "particular by the analogy of the Common Law in regard to "writs of error." (Story's Eq. Pl., Sections 410, 403.) It is competent for the District Judge in vacation to enjoin the enforcement of a judgment, &c., and grant new trial. (Goss v. McClaran, 9 Tex. R. 341; McKean v. Ziller, 9 Tex. 58.)

As regards merits of the bill, it is contended that it discloses a case of accident which entitles the plaintiff to the remedy sought, and one in which any apparent laches is accounted for by the plaintiff, and negligence negatived.

*S. M. Hyde*, for defendant in error. Defendant is at a loss as to how he shall characterize or name this proceeding of the plaintiff. Is it simply a motion to set aside a judgment? Surely this cannot be, for the judgment complained of was rendered on the 11th day of December, 1851, and this application not filed until the 15th day of June, 1853. (See Hart. Dig. Art. 766.) Or is it a bill of review? No, this cannot be, for plaintiff does not set forth such a case in which a bill of review is permitted to be brought. Mr. Story says: "There "are but two cases in which a bill of review is permitted to be "brought, and these two are settled and declared by the first "of the ordinances in Chancery of Lord Chancellor Bacon, "respecting bills of review, which ordinances have never since "been departed from. It is as follows: No decree shall be

"reversed, altered or explained, being once under the great "seal, but upon bill of review. And no bill of review shall "be admitted except it contain either error in law appearing "in the body of the decree, without further examination of "matters in fact or some new matter, which hath arisen in "time after the decree and not any new proof which might "have been used, when the decree was made. Nevertheless, "upon new proof that is come to light after the decree was "made, which could not possibly have been used, when the "decree passed, a bill of review may be grounded upon the "special license of the Court and not otherwise. So that from "this ordinance a bill of review may be brought first for error "of law; secondly upon discovery of new matter." (Story's Equity Pleading, Sec. 404.) Neither of which is contended for by plaintiff in his petition, unless it be that the dismissal of his original suit for want of prosecution was an error of law, which if contended for is refuted not only by the record but by his own petition, for he therein admits, that he neither appeared by himself nor by attorney in the Court below at the time of its dismissal, and that therefore, it must have been dismissed because no one was there to prosecute it. Even though the defendant may not have moved to dismiss it; yet the Court would have been bound to have dismissed it, on the failure of the plaintiff to prosecute it. It could not have been continued by the Court, for our statute says that no continuance shall be allowed unless by operation of law or by consent of the parties, or for sufficient cause supported by affidavit. (Hart. Dig. Art. 815.) But aside from the statute, it is not to be expected, that a Court will perpetuate a case upon its docket by continuances, on account of the non-appearance of the parties. It already had been continued twice by consent, doubtless at the instance of plaintiff, and twice by plaintiff.

These continuances, to say the least of them, exhibit a great want of diligence on the part of the plaintiff, in the prosecution of his suit. The complaint on account of its dismissal therefore comes, under all the circumstances of the case, with

a very ill grace from the plaintiff.   But upon this subject it is
enough for defendant to say, that the said suit was dismissed
for want of prosecution, by the judgment of the Court below,
and that that judgment is presumed to be right, for every pre-
sumption is in favor of the correctness of the judgment.   Again.
It cannot be contended, that this proceeding is a bill for a new
trial, because the plaintiff has not shown such a case, as would
warrant a Court of Equity to interpose, in that manner.   (Sto-
ry's Equity, vol. 2, Sec. 887.)   And besides this is not the
character of cases in which bills for new trials are brought.
But aside from this, plaintiff's petition is bad because it does
not show any equity.   He gives no good excuse for neglecting
his original suit.   His allegation of being  prevented by pub-
lic business as United States Senator, from making due pre-
parations, &c., is certainly bad.   (See Smith v. Mead and
Lowry, 1 Johns. Ch. R. 320.)   His allegation as to ignorance
of the fact of his attorney's having withdrawn from his case
and of the judgment of dismissal having been rendered, until
April, 1853, to say the least of it, shows a want of due dili-
gence on his part, and surely is no excuse for his great inat-
tention to and negligence in the prosecution of his suit.   (Bar-
ker v. Elkins & Simpson, 1 Johns. Ch. R. 466.)


HEMPHILL, CH. J.   This petition was filed on the 15th
June, 1853, and the plaintiff prays that a judgment dismiss-
ing a suit between the same parties for want of prosecution
rendered on the 11th December, 1851, be set aside, and that
the cause be reinstated on the docket for trial.   The grounds
of this motion, or application, are, that the Court had not
power to dismiss the cause, the record not showing that the
plaintiff or his attorney was called or failed to appear; be-
cause the defendant, neither in person or by attorney, ap-
peared at the time of said dismissal, nor did either move or
ask the Court to dismiss the same ; and because the plaintiff
was in Court by his petition, and the cause, if disposed of,
should have been submitted to a jury, and a verdict rendered

in favor of plaintiff or defendant; and because the defendant not appearing on the calling of the cause for trial, the same should have been continued; and because it does not appear that the said cause was regularly called in its due order for trial.

A glance at these grounds will show that they furnish no legal basis on which to set aside the judgment of dismissal. The entry would have been more formal and regular had it in so many terms declared that the plaintiff did not appear in person or by attorney; but the want of this formality is not sufficient to invalidate the judgment. That it was not prosecuted is a fact declared and settled by the judgment itself; and as all reasonable presumptions are in favor of the correctness of the judgment, it must be presumed that the plaintiff did not appear in person or by attorney, or if he did that he failed and refused to prosecute the suit. And the presumption is, also, that the cause was called in its due order on the docket, and the fact of its not being stated in the entry, that it was so called, is no evidence to the contrary.

Whether the defendant did or did not appear, or whether he moved for the dismissal of the suit or not, is immaterial. Such judgment rests for its foundation, not in the acts of the defendant, but on those of the plaintiff, or rather on his want of action. When a cause is regularly called, the District Court is bound (by implication at least) under the statute, to dismiss it for the want of prosecution, having no authority to suffer a continuance unless it be allowed by operation of law, or by consent of parties or for a sufficient cause supported by affidavit. (Art. 815.)

But, if there had been no express provision of statute, regulating continuances, the Court is not bound to perpetuate a case on the docket by continuances, simply because the parties do not appear either for the prosecution or the defence. The mere non-appearance of the plaintiff is no good ground why he should have further day to prosecute his action. The cause had been continued by consent at the Fall Term in

1848, and at the Spring Term in 1849. No entry appears in the cause at the Fall Term in 1849. In the Spring Term, 1850, James M. Ardrey, the attorney of the plaintiff, announced his withdrawal from the case and the cause was continued by the plaintiff. At the Fall Term, 1850, the continuance was entered as on affidavit of the plaintiff. At the succeeding Term no entry was made, and at the Fall Term, 1851, the cause was dismissed for the want of prosecution. These entries shew no great degree of diligence on the part of the plaintiff. The continuances, when not made by consent, were allowed at his instance and for his benefit, and leave him without any even seeming ground of complaint, against the action of the Court, as being marked with rigor or a severe application of the principles of law under the circumstances of the case.

But the plaintiff contends and charges as a ground for relief against the judgment, that without any fault on his part, and without any notice, his attorney on whom he had solely relied, abandoned the case and deliberately caused the plaintiff's petition to be dismissed; that he was not notified of the withdrawal of said attorney, nor of the dismissal of the suit until the latter part of April, 1853; that he has been representing the State of Texas in the Senate of the United States ever since the institution of the suit, and since its dismissal has been detained for a great portion of the time in Washington city, attending to his official duties, and believes he was in that city on the day on which the suit was dismissed, and relying on his attorney as trusty and efficient, he had not and never has been able to give the suit his individual presence and attention, which facts the plaintiff alleges as showing the reasons why he had not at an earlier period ascertained the dismissal of the suit, the withdrawal of his counsel, and why he had not employed other counsel to represent him.

There is no doubt that the public duties of the plaintiff are such as to absorb, in a great degree, his attention; and this fact should have its due weight on the course of procedure in

32

causes in which he is concerned. It prohibits him, in effect, from giving (at least but partially) individual attention to his suits, and requires him, at a great distance from the locality of the actions, to neglect as it were his private interests and devote himself to the public service.

As expressive of the sense of governments generally in this confederacy, in relation to the immunities under which persons serving in a legislative capacity should be protected, it is declared in their Constitutions, that during their attendance and in going and returning, they shall be exempted from arrest, except in cases of treason, felony or breach of the peace. This is expressly provided for by the Constitution of the United States, and at its adoption was a privilege of the utmost importance, as the liability to arrest for debt was then general, perhaps universal, throughout the States. The effect of this provision is not direct, on suits brought by the public officer; and a reference is made to it only as showing that as a recognized rule of public policy, the officer should not be diverted from his public duties, nor should his attention be distracted, nor the public interests under his control be put to hazard by subjecting him to detention or a vexatious and oppressive course of litigation at the suits and caprices of private individuals.

To what extent the ordinary rules in the administration of justice might be relaxed to shield a public officer from oppression, even where for his own protection he is forced to bring suit, need not be particularized in the present case. It would seem but reasonable that if, during his necessary absence on legislative duties, his attorney should withdraw from a cause and thus expose it to be dismissed for the want of prosecution, he should have until the next Term or a reasonable time to show grounds why such judgment should be set aside, and especially if the attorney were insolvent or the recourse against him an inadequate remedy. But the circumstances of this case are not such as to justify the interposition of the Court against its own judgment. The suit was not dis-

missed at the Term in which the attorney withdrew from the cause, nor was it dismissed until the third Term, or about eighteen months afterwards. Nor was it until eighteen months after the dismissal of the suit, and three years subsequent to the withdrawal of the attorney, that this application was made to have said judgment of dismissal set aside upon the ground, among others, that the attorney had withdrawn from the suit. The fact of the withdrawal was entered of record, and was one of which the plaintiff might have been apprised before the suit was dismissed, had he given any such attention as is expected and required of every man in relation to his own affairs, and especially where his acts or his want of action are to operate on the rights of others. Whatever consideration may and should be given to the fact that during the greater portion of the periods at which the Courts are holden the plaintiff must necessarily be absent, yet this will not excuse such laches as appears in this case, nor can the rights of the defendant be affected nor judgment in his favor be impaired on grounds which can be successful only where the party claiming the benefit of them, has shown a reasonable degree of diligence in the prosecution of his rights.

Judgment affirmed.