### J. HARMAN v. R. J. LAWLER AND OTHERS.

1—The District Courts have no discretionary power to set aside, on motion, a judgment rendered at a previous term, whereby a cause was dismissed for want of prosecution.

2—The cases of Caperton v. Wanslow, 18 Tex., 125; Houston v. Jennings, 12 Tex., 487, and Merle v. Andrews, 4 Tex., 211, referred to by the court as conclusive of the law and practice upon questions of this kind.

APPEAL from Cameron. Tried below before the Hon. E. Basse.

This was a proceeding, by motion, filed by Isaac Harman, in the District Court of Cameron county, April 1st, 1869. It alleged that, in January, 1861, R. J. Lawler & Co. commenced

an attachment suit in the same court against E. Karpelos, and Manuel Trevino & Co., also commenced an attachment suit against E. Karpelos, under which a levy was made on certain goods.

That this plaintiff thereupon brought a suit against said parties, to sequester the said goods, claiming them as his property, and gave bond; the sequestration issued and the defendants replevied the property, sold it, etc.

"That immediately upon the consummation of these proceedings in this cause, this plaintiff left this region of country for his home in the State of New York, on account of the breaking out of the rebellion, where he still lives.

"That his attorneys in these matters were Tabor and Carr, at first, and afterwards, by joining, J. B. Bigelow, Esq., now deceased, with them.

"That the said Tabor and Carr removed from this region of country during the said war, and have not again resumed their residence and practice here.

"That this plaintiff has had no communication with his said attorneys since the late war, nor has he been informed of the condition of his business.

"That he understood that this case was informally dropped from the docket at the last term of this court, by reason that the papers in said case had been lost and not supplied; whereas, such action was had without the knowledge or consent of this plaintiff, and unless his case herein can be reinstated for trial and the papers supplied according to law, he will suffer great and irreparable injury."

Certain papers, an inventory of goods, draft of petition, and several others were filed, but they are not certified and do not purport to be copies, nor are they *alleged to be copies*, but are only offered as substitutes for the originals.

An amended motion states the death of some of the defendants, and states their representatives.

The defendants in the motion appeared and excepted, and answered:

1. That said motion and the matters and things therein contained, as the same are therein set forth, are not sufficient in law to entitle said plaintiff to the remedy he asks, or to further prosecute his claim or demand therein set forth.

2. That at a former term of this court the said suits named in said motion were duly called, and the plaintiff, by his sole attorney, refused further to prosecute, and they are dismissed voluntarily, and order of dismissal entered, and defendants were released from all liability further to defend the same.

3. That in consequence of such dismissal plaintiff has no right in law to have said suits docketed again for further proceedings to be had therein, as claimed in said motion.

The court below overruled the motion and rendered judgment for costs against the plaintiff, and he appealed.

*T. N. Waul,* for the appellant.

*Ballinger, Jack & Mott,* for the appellee, cited Cook v. Garza, 14 Texas, 444; Burnley v. Rice, Adams & Co., 21 Texas, 182.

WALKER, J.—In 1861 the plaintiff brought suit against the defendants in the District Court of Cameron county. In 1869 his suits, which were Nos. 684 and 688, were dismissed for want of prosecution.

At a subsequent term he moved the court to reinstate the cases on the docket, and to supply lost papers. The court overruled the motion, and this ruling is supposed by appellant to be erroneous.

The cases of Merle v. Andrews, 4 Texas, 211, Caperton v. Wanslow, 18 Texas, 125, and Houston v. Jennings, 12 Texas, 487, are conclusive of the law and practice of this court on questions of this kind, and stand against the motion.

The judgment of the District Court is affirmed, with costs to appellees.

Affirmed.