## WADELL CONNALLY HARDWARE CO. v. BROOKS. (No. 1266.)

(Court of Civil Appeals of Texas. Beaumont. June 27, 1925. Rehearing Denied July 1, 1925.)

**I. Dismissal and nonsuit ⬤➾60(I)—In suit in which both parties seek affirmative relief, and trial is had in absence of one of parties and his counsel, court is not limited to judgment dismissing suit.**

In action between execution creditor and a claimant to try right of property in bale of cotton, wherein trial was had and judgment rendered in favor of claimant in absence of creditor and his attorney, contention of execution creditor that only judgment which could be properly rendered in absence of itself and its attorney would be order dismissing its suit for want of prosecution is untenable, since each party is seeking affirmative relief, though that proposition would be true in ordinary case.

**2. Judgment ⬤➾384—Overruling motion to vacate judgment entered on trial had in absence of party and counsel held proper.**

Where, in action between execution creditor and a claimant to try right of property in bale of cotton, trial was had and judgment rendered in absence of creditor and its attorney, its motion to vacate judgment, reopen case, and grant new trial was properly refused, where motion showed neither that absence was due to any misunderstanding as to setting of case as was contended, nor facts disclosing that it had meritorious cause of action; mere statement of conclusion in this connection being ineffectual.

Appeal from Kaufman County Court; W. P. Williams, Judge.

Action to try title between the Wadell Connally Hardware Company, plaintiff in execution, and Jess Brooks, claimant. Judgment for claimant, and plaintiff in execution appeals. Affirmed.

David Wuntch, of Tyler, for appellant.
Miller & Miller, of Athens, for appellee.

HIGHTOWER, C. J. This was an action to try the right to personal property, to wit, one bale of cotton.

The appellant in this cause was the owner of a judgment against one C. A. Duncan, rendered in one of the justice's courts of Kaufman county for $110. An execution was issued on the judgment, and the constable executed it by levying on a bale of cotton of the value of $131, which his return stated was levied on as the property of Duncan. The appellee in this cause, Jess Brooks, filed with the constable his oath and bond as provided by statute, claiming the cotton as his property, and it was turned over to him by the constable. Thereafter issue was joined in the justice's court between appellant and appellee for the trial of the right of property in the bale of cotton, and the result of that trial was a judgment in favor of Brooks, the claimant of the cotton, for its recovery. From that judgment the plaintiff, appellant here, appealed to the county court, where the case was once continued by agreement, and at the next term was tried in the absence of appellant and its attorney, and judgment was again rendered in favor of the claimant, the appellee here, and the court having refused to vacate the judgment and grant appellant a new trial, this appeal was prosecuted.

[1] Appellant makes two contentions for reversal of the judgment. The first is, in substance, that the court was in error in proceeding to trial of the case and rendering judgment against appellant and in favor of the appellee when both appellant and its attorney were absent. The appellant contends in this connection that the only judgment or order that the court could have properly rendered, if any, in the absence of itself and its attorney, would have been an order dismissing appellant's suit for want of prosecution, and cites in support of its contention the case of Parr et al. v. Chittim (Tex. Com. App.) 231 S. W. 1079.

If this suit had been one of the ordinary nature between a plaintiff and a defendant, where the latter was seeking no affirmative relief, appellant's contention would be correct and the cited case would be authority supporting it. But such was not the nature of this action. The defendant here was seeking affirmative relief against the plaintiff. He was contending that the bale of cotton in controversy was his property, and that he was entitled to judgment against plaintiff for its possession or value, and that he and the sureties on his bond were entitled to be discharged from liability thereon. Therefore the authority cited by appellant, supra, has no application in support of appellant's contention in this connection, but does support the conclusion we have reached on this point.

[2] The next contention is that the trial court was in error and abused its discretion in refusing to grant appellant's motion to vacate the judgment and reopen the case and grant appellant a new trial, because, as appellant contends, it showed in its motion to vacate that its failure and that of its attorney to be present at the trial was due to a reasonable misunderstanding as to the setting of the case, and that appellant showed in its motion to vacate the judgment that it had a meritorious cause of action against appellee. We see nothing in this record that supports appellant's contention that its failure and that of its attorney to be present at the trial was due to any misunderstanding as to the setting of the case. It does appear, however, from the record that appellee's attorney, four days before the case was to be reached on the docket, according to its setting, notified appellant's attorney by letter that the judge had declined to pass or postpone the case, and that it would go to trial on the day set. This being true, we fail to see how there could be any reasonable misunderstanding as to the setting of the case. It is true that appellant's attorney reached the trial court within a short time after the trial had been had and the judgment rendered, and asked the court to reopen the case and permit appellant a hearing upon the merits,

which request was refused. We cannot say, however, that the trial court abused its discretion in failing to grant the request to vacate the judgment, since we find in this record no reasonable excuse on the part of appellant's attorney to be present when the case was reached. Neither does it appear from any fact or facts stated in appellant's motion to vacate that it had a meritorious cause of action as against the appellee's claim in this case. There is not a single fact stated in the motion to vacate showing such a meritorious cause of action, but merely appellant's conclusion is stated. The only statement in the motion in that connection was as follows:

"Plaintiff further states that it has a meritorious cause of action and fully believes that, if permitted to present the legal evidence in said cause under the laws of this state, it would be entitled to a verdict in its favor."

This, of course, is nothing more than a mere conclusion on the part of appellant that it had a meritorious cause of action as against the appellee's claim to the cotton.

This, in effect, disposes of the appeal, and the trial court's judgment is ordered affirmed.