## J. A. Burger v. W. H. Young et al.

### No. 3216.

**Judgment upon Failure of Plaintiff to Prosecute.** — In an action in trespass to try title against several defendants, some of whom answered but none asking affirmative relief, upon the plaintiff refusing to proceed with the trial when his application for a continuance had been overruled, the only judgment proper was to dismiss the case for want of prosecution. It was error to enter judgment in favor of the defendants upon the merits.

Appeal from Navarro. Tried below before Hon. Rufus Hardy. A sufficient statement is given in the opinion.

*W. W. Ballew,* for appellant.

*Simpkins & Neblett, John H. Rice,* and *Richard Mays,* for appellees.

Henry, Associate Justice. — This suit was brought by appellant against several defendants to try title and for partition.

The plaintiff filed an amended original petition, in which the name of one of the defendants, who was never cited to appear, was omitted.

When the cause was called for trial all of the defendants except one had filed answers. None of the defendants sought by their pleadings affirmative relief.

When the cause was called for trial the plaintiff presented without objection a verbal motion for a continuance, which was overruled. Plaintiff then asked for time to put in writing his application for a continuance, which was refused. Plaintiff's counsel then took a judgment by default against the defendant who had failed to answer, but refused to read his pleadings or introduce any evidence as to the other defendants. The court thereupon rendered a judgment upon the merits in favor of all of the defendents who had answered.

The refusal of plaintiff's attorney to read his pleadings or to offer any evidence was in effect an abandonment of the prosecution of his cause.

.It was as much so as an entire failure to appear would have been.  In that state of the case the only order that the court could have properly made was one dismissing his cause for want of prosecution as to the defendants who appeared.  .

For the error of the court in rendering judgment upon the merits in favor of such defendants instead of dismissing the cause as to them for want of prosecution, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered November 25, 1890.