ALLEN et al. v. FT. STOCKTON IRRIGATED LANDS CO. et al.

(Court of Civil Appeals of Texas. March 8, 1911.)

DISMISSAL AND NONSUIT (§ 75*)—WANT OF PROSECUTION—DISMISSAL WITHOUT PREJUDICE.

Where plaintiffs fail to appear and prosecute, the only judgment proper, where they are without notice of a cross-action, is a dismissal without prejudice for want of prosecution, and not that plaintiffs should not recover, nor that either defendant should recover anything.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 169; Dec. Dig. § 75.*]

Error from District Court, Pecos County; W. C. Douglas, Judge.

Action by Sidney P. Allen and another against the Ft. Stockton Irrigated Lands Company and others. There was a judgment for defendants, and plaintiffs bring error. Reversed and rendered.

Kirby & Davidson and C. H. Kohler, for plaintiffs in error. C. C. Clamp, for defendants in error.

FLY, J. Sidney P. Allen and W. A. Rule, plaintiffs in error, sued the defendants in error, the Ft. Stockton Irrigated Lands Company, J. R. Burton, J. W. Oldham, Charles S. Downing, and Clifford Histed, to recover the sum of $5,800, and to foreclose a lien by which, it was alleged, it was secured, on certain lands in Pecos county. The suit was filed on February 7, 1910, and March 1, 1910, defendants appeared and answered; the corporation filing a cross-action against plaintiffs for the lands. On the same day judgment was rendered that the defendants had appeared, waived service, and answered, and that the plaintiffs failed to appear and prosecute their suit, and that plaintiffs take nothing by their suit, and that their claim be forever barred and canceled, that the cloud be removed from the title to the land of the corporation and the lien asserted against it be barred and removed, and that plaintiffs, "their agents, assigns, servants and employés, are forever enjoined, forbidden, and restrained from asserting and maintaining hereafter against the defendant the Ft. Stockton Irrigated Lands Company and the lands described in plaintiffs' petition the lien or claim asserted by the plaintiffs herein, for which let writ of injunction issue." The judgment of the court was rendered without notice to plaintiffs of the cross-action, and not a word is said in its defense in this court. On the other hand, counsel for the corporation admits that the judgment on the cross-action is void, but insists that the portion is valid which decrees that plaintiffs take nothing by their suit.

The only judgment proper under the circumstances of this case was that the suit be

---

dismissed for want of prosecution, and not that plaintiffs should not recover, nor that either defendant should recover anything, but merely a dismissal of the cause. Burger v. Young, 78 Tex. 656, 15 S. W. 107; Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Robinson v. Collier, 115 S. W. 915.

It is the duty of this court to render the judgment which should have been rendered by the lower court, and it is accordingly ordered that the judgment of the lower court be reversed, and that plaintiffs' action be dismissed for want of prosecution, without prejudice to any other suit that may be instituted by them.