## AMERICAN SURETY CO v. THACH.
### (No. 6093.)

(Court of Civil Appeals of Texas. Austin.
June 4, 1919.)

DISMISSAL AND NONSUIT ☞79—WANT OF
APPEARANCE—JUDGMENT ON MERITS.

Where a plaintiff fails to appear in person
or by attorney, and where there is no cross-
action on which defendant is entitled to invoke
a trial, the only judgment which should be ren-
dered is one dismissing for want of prosecution,
and court cannot render' judgment on the merits
after sustaining exception to material part of
petition.

Error from Milam County Court; W. G.
Gillis, Judge.

Action by the American Surety Company
against J. T. Thach. Judgment for defendant,
and plaintiff brings error. Reversed, and
cause remanded.

M. G. Cox, of Cameron, for plaintiff in
error.

KEY, C. J. The American Surety Com-
pany brought this suit against J. T. Thach,
seeking to recover the sum of $400 and in-
terest, alleged to be owing by the defendant
because of the fact that the plaintiff, as sure-
ty for the defendant, had incurred liability
to that extent on account of the default of
the defendant.

The defendant's answer contained a num-
ber of special exceptions and general denial,
but contained no plea asking for affirmative
relief. The judgment contains recitals to
the effect that, when the case was regularly
called for trial, the plaintiff did not appear,
but the defendant appeared and announced
ready for trial, whereupon the court sus-
tained the defendant's third special ex-
ception to the plaintiff's petition, and there-
after heard evidence upon the merits of the
case, and rendered judgment thereon to the
effect that the plaintiff take nothing by its
suit, and that the defendant go hence with-
out day and recover from the plaintiff all
costs, etc.

The plaintiff has brought the case to this
court by writ of error, and we sustain the
assignment which complains of the action of
the trial court in sustaining an exception to
the plaintiff's petition, and thereafter pro-
ceeding with the trial of the case upon its
merits, and rendering judgment for the de-
fendant.

Where a plaintiff fails to appear in person
or by attorney, and where there is no cross-
action upon which the defendant is entitled to
invoke a trial, the only judgment which should
be rendered is one dismissing the case for
want of prosecution, and the court cannot

properly render a judgment upon the merits.
Burger v. Young, 78 Tex. 656, 15 S. W. 107;
Drummond v. Lewis, 157 S. W. 266, and
cases there cited.

The special exception was addressed to an
essential part of the plaintiff's petition, and
when the court sustained that exception, no
cause of action was left for trial, and the
case should have been dismissed. We deem
it unnecessary to express any opinion as to
the correctness of the court's ruling upon the
exception, as the plaintiff can easily amend
and make the petition more specific in the
particulars complained of. But, after sus-
taining that exception, the court should have
dismissed the case, and it committed material
error when it proceeded with the trial and
rendered judgment for the defendant, and on
account of that error the judgment is re-
versed, and the cause remanded.

Reversed and remanded.