CHITTIM v. PARR et al.　(No. 6267.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1919. Rehearing Denied Nov. 26, 1919.)

DISMISSAL AND NONSUIT ⊂⊃60(9) — NONAPPEARANCE BY PLAINTIFF REQUIRES DISMISSAL, NOT JUDGMENT FOR DEFENDANT.

Notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 1944, that every suit shall be tried when called, unless continued, postponed, or be placed at the end of the docket, a suit in which there is no pleading for affirmative relief by defendants should be dismissed for want of prosecution if plaintiff fails to appear at time set for trial, not tried in plaintiff's absence, and judgment on the merits rendered for defendants.

· Error from District Court, Duval County; V. W. Taylor, Judge.

Suit by Mrs. Annie E. Chittim against G. A. Parr and others. From a judgment for defendants after trial, at which plaintiff failed to appear, plaintiff brings error. Reversed, and judgment entered dismissing the case for want of prosecution.

Dougherty & Dougherty and G. C. Robinson, all of Beeville, for plaintiff in error.

James B. Wells, of Brownsville, Hicks, Hicks, Dickson & Bobbitt, of San Antonio, and C. C. Forry, of Alice, for defendants in error.

COBBS, J. This was a suit instituted by plaintiff in error in the district court of Duval county against defendants in error, in which she sought to have a judgment lien established on certain land in Duval county, and foreclosed. The judgment was alleged to have been rendered against defendant A. Parr, and that title to the land had been fraudulently taken in the name of defendant G. A. Parr, and the defendants answered separately by general denials only. At the May term of the district court of Duval county, on May 21, 1918, the case was set for trial on the 30th day of that month, being on the jury docket, and on May 30, 1918, the case was called for trial, and the plaintiff did not appear in person or by counsel. The court, in the absence of both plaintiff and counsel, upon the announcement of ready by defendant, proceeded to impanel a jury, and a verdict was returned for defendants, and judgment was thereupon rendered that plaintiff take nothing by her suit against defendants, and that they go hence without day and recover their costs.

The sole assignment and proposition necessary to be considered, properly raised and briefed by plaintiff in error, is that the court erred in proceeding to impanel a jury and try this case in the absence of the plaintiff, and the only final judgment that should have been entered was to dismiss the case for want of prosecution.

Defendants in error do not controvert the facts, but take issue with the propositions of law asserted by plaintiffs in error and contend by, first, counter proposition, it is the duty of the trial court to try every suit when it is called for trial, or postponed to be called again in its regular order, where either party is present in court, demanding trial, and, second, case having been regularly called for trial and defendants insisting on trial it was the duty of the court to try, unless a proper motion for continuance was made or a nonsuit was taken.

·No cross-action or plea for affirmative relief was filed by defendants in error.

For the affirmance of the judgment and in support thereof defendants in error insist this case should be controlled by article 1944 of Vernon's Sayles' Tex. Civ. Stats., and · "be tried when called in the absence of the plaintiff." We cannot give the effect to the statute cited that defendants in error insist upon.

In cases where plaintiffs fail to appear, and there is no proper pleading for cross or affirmative relief on file and pending, if defendants insist upon a trial upon its merits, it is entirely proper for the court to dismiss plaintiffs' case for want of prosecution. Houston v. Jennings, 12 Tex. 487; Burger v. Young, 78 Tex. 656, 15 S. W. 107; Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Allen v. Ft. Stockton Irr. L. Co., 135 S. W. 682; Drummond v. Lewis, 157 S. W. 266.

The judgment of the court is reversed, and judgment rendered, dismissing the case for want of prosecution, without prejudice.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes