SCARBOROUGH v. WARD et al.
(No. 9225.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 21, 1920.)

DISMISSAL AND NONSUIT ⊂⇒75 — JUDGMENT FOR WANT OF PROSECUTION TO BE LIMITED TO DISMISSAL WITHOUT PREJUDICE.

Where plaintiff failed to appear and prosecute her suit, the court erred in rendering judgment for defendant, since judgment should have been limited to a dismissal of plaintiff's petition for want of prosecution without prejudice.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Suit by Mrs. Willie Scarborough against Gus Ward and another. Judgment for defendants, and plaintiff appeals. Reversed, and rendered for plaintiff, that her cause be dismissed without prejudice.

F. G. Morris and Geo. E. Wallace, both of El Paso, and J. R. Stubblefield, of Eastland, for appellant.

Earl Conner, of Eastland, for appellees.

CONNER, C. J. The appellant, Mrs. Willie Scarborough, instituted this suit against the appellees, Gus and E. J. Ward, alleging in substance that the plaintiff was the owner of several tracts of land described in the petition and aggregating several hundred acres upon which a lien existed; that the plaintiff had secured a purchaser for the land at the price of $6 per acre with a reservation of the mineral thereon; that the defendants wrongfully and fraudulently induced the proposed purchaser to believe that the land was rough and undesirable, in consequence of which she was unable to sell the land for but $4.50 per acre; that thereafter the defendants became the owners of the land, and the plaintiff's prayer was that she might recover of the defendants the minerals in the land described.

In due season, the defendants answered by way of a general demurrer and a general denial. Thereafter, on November 23, 1918, the case was called for trial, and, plaintiff not being present, the court entered the following decree:

"On this, the 23d day of November, A. D. 1918, comes on in its regular order to be heard the above entered and numbered cause, and came the defendants and announced ready for trial, but the plaintiff fails to appear and prosecute her said suit, and it being made to appear to the court that the counsel representing the plaintiff at this time in said cause was duly notified by a telegram to him at El Paso, Tex., of the setting of said cause, and that said counsel for plaintiff had due notice of the same, the court ordered said cause to proceed. Thereupon came on to be considered the general demurrer of the defendants to the sufficiency of plaintiff's petition herein filed, and, it appearing to the court that plaintiff alleged no cause of action against the defendants in said cause, it is the opinion of the court that plaintiff's petition herein filed shows no cause of action against the defendants herein, and that said general demurrer should in all things be sustained, and the plaintiff, failing to ask leave to amend, has thereby failed to prosecute her cause of action, and that said cause for both reasons should in all things be dismissed. It is therefore ordered, adjudged, and decreed by the court that the plaintiff Mrs. Willie S. Scarborough's alleged cause of action be and the same is hereby dismissed for the want of prosecution.

"It is further ordered, adjudged, and decreed by the court that defendants' general demurrer to plaintiff's petition herein filed be and the same is hereby in all things sustained. It is further ordered, adjudged, and decreed by the court that the defendants go hence without day and recover of and from the plaintiff herein the title and possession to the following described tracts of land, located and being situated in the county of Eastland, state of Texas, and described in four tracts, to wit: * * *

"It is further ordered, adjudged, and decreed by the court that the defendants go hence without day and recover their costs in this behalf expended."

The plaintiff prosecutes this writ of error and duly presents the contention that—

"The court erred in rendering judgment for defendants on the merits when plaintiff failed to appear and prosecute her suit and in not limiting the judgment to a dismissal of plaintiff's petition for want of prosecution."

The contention is so thoroughly supported by the authorities that we deem it only necessary to cite them. Robinson v. Collier, 53 Tex. Civ. App. 285, 115 S. W. 915; Hill v. Friday, 70 S. W. 567; Burger v. Young, 78 Tex. 656, 15 S. W. 107; Allen v. Ft. Stockton Irrigated Lands Co., 135 S. W. 682; Drummond v. Lewis, 157 S. W. 266.

It is therefore ordered, in accordance with the rule of practice shown in the cases cited, that the judgment below be reversed, and here rendered for plaintiff in error, that her cause be dismissed without prejudice.