COMMERCIAL CREDIT CO. v. WILSON.
(No. 8328.)

(Court of Civil 'Appeals of Texas. Dallas. Feb. 28, 1920.)

1. DISMISSAL AND NONSUIT ☞60(9)—ACTION TO BE DISMISSED WITHOUT PREJUDICE UPON PLAINTIFF'S FAILURE TO APPEAR WITHOUT NOTICE OF A CROSS-ACTION.

When plaintiff fails to appear and prosecute, the only judgment proper, when he is without notice of a cross-action, is a dismissal without prejudice for want of prosecution, and not that plaintiff should not recover nor that defendant should have a judgment.

2. APPEAL AND ERROR ☞293, 719(8)—RENDITION OF JUDGMENT FOR DEFENDANT ON PLAINTIFF'S FAILURE TO APPEAR FUNDAMENTAL ERROR.

Judgment for defendant rendered on plaintiff's failure to appear will be reversed on plaintiff's appeal therefrom, notwithstanding there was no motion for new trial nor assignments of error filed, since the rendition of such judgment, instead of a dismissal without prejudice for want of prosecution, was fundamental error.

3. DISMISSAL AND NONSUIT ☞79—DEFENDANT PRAYING CANCELLATION OF NOTES SUED ON NOT ENTITLED TO JUDGMENT ON PLAINTIFF'S FAILURE TO APPEAR.

In an action on note where answer set forth fraud and failure of consideration and prayed that plaintiff take nothing by its suit, that the notes be canceled, and that defendant recover his costs, plaintiff's failure to appear did not entitle defendant to a judgment granting such relief, the answer not presenting a counterclaim on cross-action, the only proper judgment in such case being dismissal of the suit.

4. DISMISSAL AND NONSUIT ☞79—SUIT TO BE DISMISSED FOR WANT OF PROSECUTION ON PLAINTIFF'S FAILURE TO APPEAR WITHOUT NOTICE OF CROSS-ACTION.

Where plaintiff fails to appear without notice of defendant's cross-action, defendant was not entitled to judgment on the cross-action, but merely to dismissal of the suit for want of prosecution, since plaintiff, though bound to take notice of the pleadings and procedure in answer to the charges made in the original petition, was not required to take cognizance of an independent claim which might be asserted in the suit as a matter of convenience.

Error from Collin County Court; R. L. Moulden, Judge.

Suit by the Commercial Credit Company against John K. Wilson. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Meador, Kugle & Hagebush, of Dallas, for plaintiff in error.
Abernathy & Smith, of McKinney, for defendant in error.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

TALBOT, J. This suit was instituted in the county court of Collin County, by plaintiff in error, Commercial Credit Company, on November 15, 1916, against defendant in error, John K. Wilson. It was substantially alleged in the petition that on March 29, 1916, the defendant, John K. Wilson, made, executed, and delivered to Partin Manufacturing Company six certain promissory notes in the principal sum of $150 each, signed by him and made payable to the order of the Partin Manufacturing Company; that plaintiff before the maturity of any of said notes, and without notice of any defenses that defendant might have, and in due course of trade, purchased said notes from Partin Manufacturing Company for a valuable consideration; and that defendant refused to pay said notes or any of them. Plaintiff prayed judgment for the amount of the notes, interest, and costs. On December 16, 1918, defendant filed his first amended original answer pleading that the notes declared on were not his act and deed, but constituted only a part of a contract to which they were attached, failure of consideration and fraud, and prayed that plaintiff take nothing by its suit; that said notes be canceled and held for naught; and that defendant recover his costs. On the same day, to wit, December 16, 1918, without the knowledge of plaintiff that the case was set for trial that day, the defendant announced ready for trial, and the case was tried before the court; neither the plaintiff nor its counsel being present. There was a verdict and judgment for the defendant. On May 17, 1919, plaintiff in error filed its petition for writ of error, executed and filed a writ of error bond in terms of law, and brings this case here on appeal. There was no motion for a new trial, nor assignments of error filed herein, but the plaintiff in error presents and urges what are asserted to be fundamental errors for which the judgment of the court below should be reversed and the cause remanded.

The first contention is that—

"When the plaintiff fails to appear and prosecute, the only judgment proper, when he is without notice of a cross-action, is a dismissal without prejudice for want of prosecution, and not that plaintiff should not recover nor that defendant should have a judgment."

[1, 2] We think the error pointed out is fundamental and that the judgment must be reversed. The record discloses that the defendant in error's answer to the plaintiff in error's petition was filed on the 16th day of December, 1918, during the first term of the court at which he was cited to appear, and that on the same day judgment was rendered in favor of the defendant in error. This judgment recites that the case was regularly reached on the call of the docket, and,

no jury having been demanded, all matters of facts, as well as of law, were submitted to the court; that the defendant (John K. Wilson) appeared in person and by attorney; that the plaintiff (Commercial Credit Company) failed to appear in person or by attorney; that the defendant announced ready for trial, and the court having heard the pleadings of the plaintiff, and the pleadings of the defendant, and having heard the evidence adduced in the case, the court finds that the six notes sued on were procured by the fraud of the Partin Manufacturing Company, and that said notes at the time of execution were attached to a contract and formed a part of the same, and that they have been detached from said contract; that the defendant's plea of non est factum was true, and that the consideration of said notes had wholly failed. It is further recited in the judgment, in effect, that there was no evidence before the court that the plaintiff was a bona fide purchaser for value, and should not recover, but that the defendant, John K. Wilson, should have judgment. The judgment then proceeds and adjudges that the plaintiff, Commercial Credit Company, take nothing by its suit; that the notes sued on "be canceled and annulled and held for naught; and that the defendant go hence without day and recover of plaintiff herein all costs of suit." The proposition of the plaintiff in error is evidently taken from the case of Allen v. Ft. Stockton Irrigated Land Co., 135 S. W. 682, and, according to the decision in that case and other decisions of our appellate courts, is a correct statement of the law.

[3] The matters set up in the answer of the defendant in error are pertinent defenses to plaintiff in error's alleged cause of action, and, while the prayer asks for a cancellation of the notes sued on, the allegations do not, it occurs to us, present a counterclaim or cross-action for such affirmative relief as was sought in those cases in which it was held the plaintiff could not dismiss the entire cause or by abandoning his suit preclude the defendant from prosecuting to judgment his cross-action. In other words, we are of the opinion that the answer of the defendant in error does not contain the allegations necessary to constitute it a cross-action. The defendant in error does not seek and pray for some specific recovery that cannot for all practical purposes and for his complete protection be given to him under the allegations of his answer treated strictly as a defensive pleading, and which served to compel the plaintiff in error to prove his own cause of action. The answer should be interpreted as doing no more than resisting a recovery on the part of the plaintiff in error. The failure of the plaintiff in error to appear, when the case was called for trial, was in effect an abandonment of the

prosecution of his cause, and the trial court erred in rendering judgment that it take nothing and that the notes sued on be canceled. The only proper judgment was one dismissing the suit. Burger v. Young, 78 Tex. 656, 15 S. W. 107; Allen v. Ft. Stockton Irr. Land Co., 135 S. W. 682; Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056.

[4] But if we are mistaken in the views expressed, and it should be held that defendant in error's answer presented a cross-action entitling him to a trial upon it, then the judgment rendered must be reversed and the cause remanded, because it was rendered without notice to plaintiff in error of the cross-action, if such it be; they not having appeared in the case after such action was filed. The plaintiff in error having failed to appear, the proper practice was for the court to have dismissed the original suit for want of prosecution. The plaintiff in error was "bound to take notice of all pleadings and procedure in answer to the charges made in the original petition," but was not "required to take cognizance of an independent claim which might be asserted in that suit as a matter of convenience." Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Houston v. Jennings, 12 Tex. 487; Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870.

The judgment is reversed, and the cause remanded.