**PARR et al. v. CHITTIM.** (No. 247–3446.)

(Commission of Appeals of Texas, Section B. June 22, 1921.)

**Dismissal and Nonsuit ⬤➡60(1)—Judgment of dismissal only one proper, where plaintiff failed to appear at trial.**

Where, the case being regularly called for trial on the day on which it had been set by agreement, neither plaintiff nor her counsel appeared, but made default, sending no explanation to the court, and trial was had and evidence heard, the court instructing a verdict for defendants, who had filed no cross-action or prayer for affirmative relief, such action was error; under the circumstances, the only proper judgment would have been one dismissing the case for want of prosecution without prejudice.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Annie E. Chittim against G. A. Parr and others. To review a judgment for defendants, plaintiff brought error to the Court of Civil Appeals, which reversed and rendered judgment dismissing the cause for want of prosecution (216 S. W. 638), and defendants bring error. Judgment of the Court of Civil Appeals affirmed.

Hicks, Hicks, Dickson & Bobbitt, ·of San Antonio, James B. Wells, of Brownsville, and C. C. Forry, of Alice, for plaintiffs in error.

Dougherty & Dougherty, of Beeville, and G. C. Robinson, of El Paso, for defendant in error.

POWELL, J. On December 8, 1905, in the district court of Bexar county, Tex., the estate of J. M. Chittim recovered judgment against A. Parr for $60,115.30, with interest from the date thereof at the rate of 6 per cent. per annum and all costs of court. Said judgment was kept alive by issuance of various executions from time to time, which were returned "nulla bona." An abstract of said judgment was duly recorded in the office of the county clerk of Duval county, Tex., on December 18, 1905, and March 3, 1916. The filing, recording, and indexing of said judgment became a lien on such real estate as A. Parr then owned or might thereafter acquire in Duval county, Tex. On August 1, 1916, G. A. Parr acquired by deed some 12,728 acres of land situated in Duval county, Tex.

On March 23, 1917, Mrs. Annie E. Chittim, representing the estate of her deceased husband, J. M. Chittim, filed suit in the district court of Duval county, Tex., alleging that A. Parr had furnished to G. A. Parr the money for the purchase of said 12,728 acres of land; that, while the deed was taken in the name of G. A. Parr, it was really for the benefit of A. Parr; that the latter and G. A. Parr conspired together to take this deed as they did, in the name of G. A. Parr, in order that the property might be placed beyond the reach of the creditors of A. Parr, and especially the Chittim obligation. The plaintiff asked for a foreclosure of her judgment lien on said 12,728 acres of land.

Each of said defendants denied all the allegations of plaintiff's petition, generally and specially. G. A. Parr alleged he bought the property in good faith, as his own and with his own money. Neither defendant filed any cross-action or prayer for affirmative relief.

On May 22, 1917, the cause was continued for service. On December 3, 1917, the case was set down by agreement for December 13, 1917, when it was finally continued for that term of court by consent without prejudice. On May 21, 1918, in term time, the case was placed on the jury docket and set by agreement for May 30, 1918.

We shall refer to the parties hereafter as they were known in the trial court, as plaintiff and defendants. On May 30, 1918, the defendants, accompanied by their counsel and witnesses, appeared in court. But, the case being regularly called for trial on the very day for which it had been set by agreement, neither the plaintiff nor her counsel appeared, but wholly made default, nor did they send any word of explanation to the court of their failure to appear. The case being called, the defendants announced ready for trial. ·A jury was had, and when the evidence was all in the trial court, upon request, instructed a verdict for the defendants, which was accordingly returned. Judgment was so entered.

In due course thereafter plaintiff ·sued out a writ of error to the Court of Civil Appeals at San Antonio, alleging that under the circumstances of this case the only judgment the trial court was authorized to enter was one dismissing the case for want of prosecution. The Court of Civil Appeals adopted that view and reversed the judgment of the trial court, rendering judgment dismissing the case for want of prosecution without prejudice. See 216 S. W. 638. The case is now before the Supreme Court, which granted defendants' application for writ of error.

We have carefully reviewed the authorities relied upon by the Court of Civil Appeals in this case, as well as others we have found, and have reached the conclusion that that court correctly disposed of this case. In the case of Burger v. Young, 78 Tex. 656,

---

15 S. W. 107, Judge Henry announces the rule as follows:

"The refusal of plaintiff's attorney to read his pleadings or to offer any evidence was in effect an abandonment of the prosecution of his cause. It was as much so as an entire failure to appear would have been. In that state of the case the only order that the court could have properly made was one dismissing his cause for want of prosecution as to the defendants who appeared. For the error of the court in rendering judgment upon the merits in favor of such defendants, instead of dismissing the cause as to them for want of prosecution, the judgment is reversed and the cause is remanded."

The decision by Judge Henry has been followed by the Supreme Court in the cases of Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870, and Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172. It seems clear to us that, under a rule of the Supreme Court which has long obtained in this state, the only proper judgment the trial court could have entered was one dismissing the case for want of prosecution.

Not only would we not feel disposed to recommend a modification of the former holdings of our Supreme Court, but we think the rule they announce is in reason the better one. Where a defendant asks no affirmative relief, he is really in no position to demand a trial because of the plaintiff's failure to appear and prosecute his action. In fact, he is in court simply in response to the plaintiff's action. If the plaintiff then refuses to prosecute his action, the defendant can justly have no further concern with the proceeding. If the action is treated as abandoned and dismissed by the trial court, it would seem that the defendant is accorded full relief. Where the latter asks no affirmative relief himself, we find it difficult to see how he is entitled to ask anything more than a dismissal of the plaintiff's cause.

It follows, from what has been said, that we are of the opinion that the judgment of the Court of Civil Appeals should be affirmed; and we so recommend.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeal is adopted, and will be entered as the judgment of the Supreme Court.