R. B. GEORGE MACHINERY CO. v. CITY OF MIDLAND.

No. 1396—5576.

Commission of Appeals of Texas, Section A.

June 25, 1930.

W. M. Harris, of Dallas, and W. H. Graham, of Houston, for plaintiff in error.

Samuel K. Wasaff, of Midland, for defendant in error.

### HARVEY, J.

This is a suit for debt, brought by the plaintiff in error, R. B. George Machinery Company, against the defendant in error, the city of Midland. The sum sued for is for labor and material furnished by the machinery company in repairing a certain tractor belonging to the city. In its answer to the plaintiff's suit, the city set up a cross-action for damages resulting from the negligent and unskillful manner in which said repair work was done. The cause came on for trial, and the plaintiff failed to appear and prosecute its suit. Thereupon the court proceeded with the trial, and entered judgment which recites on its face the failure of the. plaintiff to appear and prosecute its suit, the appearance of the defendant and its announcement of ready for trial, the hearing of the defendant's cross-action and the evidence thereon, and adjudges that "the plaintiff, R. B. George Machinery Company take nothing by its suit against the defendant, City of Midland, Texas; and that the defendant, the City of Midland, Texas, take nothing by its cross action against the plaintiff, R. B. George Machinery Company." Within two days after this judgment was rendered, the machinery company filed its motion for a new trial and to set aside the judgment. This motion was overruled, and, on appeal, the above judgment was affirmed by the Court of Civil Appeals. 20 S.W.(2d) 107. The machinery company applied for the writ of error, which was granted.

 In its application for the writ of error, the machinery company complains, among other things, of the action of the trial court in rendering judgment to the effect that the company "take nothing" by its suit against the city. This action of the court was, in legal effect, an adjudication that the plaintiff's claim was not meritorious. French v. Olive, 67 Tex. 400, 3 S. W. 568. When the machinery company failed to appear and prosecute its suit against the city, it was error for the trial court to make this adjudication and enter judgment on the merits of the company's suit. In this respect the judgment of the trial court is fundamentally erroneous. The proper judgment for the court to have entered in respect of the company's suit against the city was one of dismissal. Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Burger v. Young, 78 Tex. 656, 15 S. W. 107; Short v. Hepburn, 89 Tex. 625, 35 S. W. 1056; Commercial Credit Co. v. Wilson (Tex. Civ. App.) 219 S. W. 298.

We recommend that the judgment of the trial court be reversed in all respects, and that the cause be remanded.

### CURETON, C. J.

Judgments of the Court of Civil Appeals and the trial court are both reversed, and the cause is remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.