## CALLIHAN v. COLORADO NAT. BANK.

No. 1071.

Court of Civil Appeals of Texas. Eastland.

March 10, 1933.

F. L. Kuykendall and A. M. Howsley, both of Albany, for appellant.

R. H. Ratliff and C. H. Earnest, both of Colorado, Tex., for appellee.

HICKMAN, Chief Justice.

Appellant recovered judgment for $386.12, besides interest and costs of suit, against R. L. Lunceford in the county court of Shackelford county. Ancillary to his suit against Lunceford he caused a writ of garnishment to be issued and served upon appellee. An answer was filed by the garnishee, admitting an indebtedness of $170.79 to Lunceford. Appellant controverted the answer, claiming in his controversy that the garnishee was

'indebted to Lunceford in the sum of $750 at the time the writ of garnishment was served. This controverting affidavit was filed in the county court of Shackelford county. After appellant recovered judgment against Lunceford, the garnishment suit was transferred to Mitchell county, where the garnishee had its domicile, and the clerk of the county court of that county issued citation to the garnishee, returnable to the next term of court, which convened on January 4, 1932. There were some negotiations between the attorneys with reference to a waiver of citation and trying the case prior to the January term, but these negotiations resulted in nothing, because the garnishee's attorney concluded that it would be the safer practice to implead the defendant Lunceford. On the 5th day of January, 1932, same being the appearance day of the term of the court to which the garnishee was cited, a final judgment was entered against garnishee for $170.79; the judgment reciting that the plaintiff appeared, not but wholly made default. Appellant's attorney learned of the rendition of this judgment on or about the 18th day of January, and thereafter, during the term at which it was rendered, filed a motion for new trial, and later an amended motion, which was overruled, and this appeal followed.

Much of the appellant's brief is devoted to the contention that the trial court abused his discretion in refusing to grant him a new trial upon the facts as developed in the motion therefor. We find it unnecessary to consider this matter, because there is an error of law in the rendition of the judgment pointed out in appellant's brief which requires that the judgment of the trial court be reversed and the cause remanded for a new trial. It therefore becomes unnecessary to pass on the fact issues.

■ It is a well-settled rule of law that, when a plaintiff fails to appear and prosecute its suit, it is error for the trial court to proceed to trial and enter judgment on the merits against plaintiff. The proper judgment under such circumstances is one of dismissal. Burger v. Young, 78 Tex. 656, 15 S. W. 107; R. B. George Machinery Co. v. City of Midland (Tex. Com. App.) 29 S.W.(2d) 966.

■ Appellee recognizes this rule of law, but insists that it has no application here, because the judgment rendered was in fact one in favor of the plaintiff. We cannot agree with this contention. Appellant was entitled to judgment as a matter of law against the garnishee on its answer for the sum of $170.79, and that judgment could have been rendered in Shackelford county. He was not satisfied with garnishee's answer and filed his controversy; whereupon the case was transferred to Mitchell county to try out the issues presented by the contro-

verting plea. There was no issue as to the garnishee's liability for $170.79. The only issue between the parties was the liability of the garnishee to the appellant for the difference between $170.79 and the amount of appellant's judgment against Lunceford. On this controversy the judgment of the county court of Mitchell county found that the law was with the garnishee and rendered judgment against it for $170.79 only. The effect of this judgment was to adjudicate the merits of plaintiff's controversy against him. This was error.

Reversed and remanded.