**448**

## BURTON–LINGO CO. v. LAY.
### No. 3946.

Court of Civil Appeals of Texas. El Paso.
May 30, 1940.

Stubbeman, McRae & Sealy, of Midland, for plaintiff in error.

J. P. Williams, of Andrews, for defendant in error.

WALTHALL, Justice.

This suit was filed on or about the 15th day of October, 1938, in the County Court of Andrews County, Texas, by Burton-Lingo Company, a corporation, as plaintiff, complaining of Katie T. Lay, Individually and as Executrix of the Estate of W. J. Lay, deceased, seeking judgment upon a promissory note executed February 15, 1935, by the said W. J. Lay, deceased, to the order of Burton-Lingo Company in the principal amount of $301.60, payable on or before June 1, 1935, with interest at the rate of eight per cent per annum, said note showing credits in the amount of $100. The case was set down for trial on December 14, 1938. Plaintiff failed to appear until late in the afternoon of said date, and, although defendant's answer on file in said cause contained no cross action, discovered that default judgment had already been entered by the court, decreeing that plaintiff take nothing.

The court overruled plaintiff's motion for a new trial and plaintiff seasonably filed its petition for writ of error, bond and citation and the case is properly before us for review.

By assignment of error and proposition thereunder plaintiff submits error of the trial court in rendering judgment that plaintiff take nothing by its suit; that the only judgment the court could properly have rendered, defendant having filed no cross action or action for affirmative relief, was a dismissal of plaintiff's suit.

The judgment rendered that plaintiff take nothing was a trial on the merits. The case, on the facts stated, was not before the court for a trial on the merits. The court was without jurisdictional power to render any judgment other than a dismissal of plaintiff's suit for want of prosecution.

The judgment rendered was fundamental error.

The following cases clearly sustain plaintiff's contention: R. B. George Machinery Co. v. City of Midland, Tex.Com.App., 29 S.W.2d 966, and the cases there referred to by Judge Harvey; Burger v. Young, 78 Tex. 656, 15 S.W. 107; Parr v. Chittim, Tex.Com.App., 231 S.W. 1079; Harris v. Schlinke, 95 Tex. 88, 65 S.W. 172; Short v. Hepburn, 89 Tex. 622, 625, 35 S.W. 1056.

The case is reversed and remanded.