W. R. FREEMAN, Appellant,

v.

Tracy L. FREEMAN et ux., Appellees.

No. 7087.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 20, 1959.

Rehearing Denied Feb. 17, 1959.

Walter Chalmers, Louis Emden, Houston, for appellant.

Lewis D. Fisher, Houston, for appellees.

DAVIS, Justice.

Exa M. Boyle died, testate, May 31, 1957. Her will was filed for probate in the probate court of Harris County on June 7, 1957. A contest was filed and after proponent and contestees had amended their pleadings, the case came on for trial in probate court on September 25, 1957. On October 28, 1957, the judge of the probate court rendered what he terms a corrected decree purportedly correcting decrees theretofore entered on October 10th and 18th respectively. On October 16, 1957, the contestees filed an appeal bond reciting that they were appealing from a judgment or decree dated October 7, 1957.

Transcript of the appeal from the probate court was filed in the district court on November 7, 1957. Assuming that the appeal bond in the probate court would be applicable to the last judgment filed under the provision of Rule 306c, Texas Rules of Civil Procedure, the district court acquired jurisdiction of the appeal. At the time or after the case was filed in the district court the name of the attorney for the proponent was listed as attorney for plaintiffs on the docket sheet of the district court. On December 9, 1957, contestees, Tracy L. Freeman and wife, Vay Platt Freeman, as appellants in the district court, filed a motion for default judgment, alleging that the proponent, W. R. Freeman, as appellee in the district court had failed to enter his appearance on the docket or answer said appeal on or before Monday after the expiration of 20 days from the date the transcript was filed in the district court. A judgment was entered on December 9, 1957, reciting that the proponent had failed to comply with Rule 330(a) in that he had failed to enter his appearance on the docket or to answer said appeal within the time prescribed by said Rule, and further reciting that default judgment was rendered vacating and setting aside the judgment of the probate court and denying the will to probate. No evidence was heard at the time the purported default judgment was rendered.

The proponent had no notice that such judgment had been entered by the district court until more than 30 days after the date of such entry. On January 21, 1958, the proponent filed a motion to set aside the judgment. And on February 19, 1958, an amended motion, duly verified, was filed alleging, among other things, that the judgment had been surreptitiously and fraudulently taken without notice to the proponent or his attorney, the docket sheet showed that the attorney of record for the proponent in the probate court had entered his appearance in the district court, and that his name was placed on the docket

sheet prior to the entry of the judgment, etc.

This motion was considered by the trial court as a motion for new trial, and the best we can gather from the record, it is because the motion carried the same number as did the case on appeal.

Notice of the motion to contestees is not shown, but they answered the motion and appeared at the hearing and contested the same.

The judge who signed the purported default judgment died very shortly thereafter, and his successor signed the order holding that the motion before him was a motion for new trial, that it had not been filed within 10 days from the date of the judgment sought to be set aside, and overruled the same. It is from that order that this appeal has been perfected.

Appellant on appeal complains of the action of the trial court in holding that the entry of the name of the attorney for the proponent upon the docket sheet of the district court prior to the date of the default judgment was not a compliance with Rule 330(a), and that the motion was not timely filed.

Counsel for appellees here admits in his brief, and admitted on oral argument, that he knew the attorney for proponent, that they both resided in the city of Houston, that the attorney for the proponent could be reached by telephone, and that they did not offer any evidence in support of their contest of the will. Counsel for appellees further admits that his action in taking such a judgment is not supported by any rule, statute or decision in this or any other state, unless it is supported by Rule 330(a).

We hold that such action is not supported by Rule 330(a). The personal knowledge of the attorney for the appellees that the appellant was represented by counsel and appellant's attorney's name appearing on the docket sheet in the district court constituted and constitutes a sufficient compliance with Rule 330(a) as to entitle him

to a compliance with other provisions of Rule 330 for the setting and disposition of cases in the district court.

We treat the motion as a bill of review, because no harm is shown as a result of the same being filed under the same number as the suit. The appellees had notice of the motion, because they appeared and contested the same.

The judgment of the trial court overruling the motion to set aside the purported default judgment is reversed, and the cause is remanded to the district court with instructions to set aside the purported default judgment and to proceed to the trial of the case upon its merits and in compliance with the orderly procedure of our system of jurisprudence. It is so ordered.

Reversed and remanded with instructions.