Tracy Leon Freeman Et Ux v. W. R. Freeman.

No. A-7234. Decided July 29, 1959.
Rehearing Overruled October 7, 1959.
(327 S.W. 2d Series 428)

*Lewis D. Fischer,* of Houston, for petitioners.

*Walter Chambers,* of Houston, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This case originated in the probate court of Harris County. Respondent filed an application for probate of the will of Exa M. Boyle. Petitioners filed a contest of the application. The probate judge, after a trial of the issues made by the pleadings, admitted the will to probate. Petitioners perfected their appeal to the district court by filing therein on November 7, 1957, the transcript required by Rule 334, Texas Rules of Civil Procedure.

On December 9, 1957, on motion of petitioners, a default judgment was rendered and entered by the district court sustaining the contest to the application to probate the will, setting aside the order of the probate court admitting the will to probate and certifying the judgment to the probate court for observance. The order recited that the appellee (respondent) had failed to enter his appearance on the docket of the district court or to answer to the appeal as required by Rule 330(a), Texas Rules of Civil Procedure.

On January 21, 1958, after the time had expired for the filing of a motion for new trial and after the judgment had become final under the provisions of Rule 329-b, Texas Rules of Civil Procedure, respondent filed a motion and thereafter first and second amended motions or petitions to set aside the default judgment. The district judge treated the last of the instruments as an amended motion for new trial and overruled it because it was filed out of time and the court had no further jurisdiction of the case. The Court of Civil Appeals treated the instrument as an equitable bill of review and reversed the judgment of the district court and remanded the cause to that court with instructions to set aside the default judgment and place the cause for probate of the will on the docket for trial on its merits. 320 S.W. 2d 700.

Rule 330(a) required that respondent "enter his appearance on the docket or answer to said appeal on or before ten o'clock a. m. of the Monday next after the expiration of twenty (20) days from the date the appeal" was filed in the district court.[1] We take judicial notice that the Rule required respondent to appear or answer on December 2, 1957. An appearance, as

---

1.—This provision of Rule 330 first appeared as sec. 6 of Acts of the Regular Session, 38th Legislature, 1923, page 215. It was later codified as sec. 13 of Article 2092, Revised Civil Statutes of 1925, from which it was brought forward, in exact wording, into the Rule. While it may serve a useful purpose in appeals in some types of proceedings in which no formal pleadings are required in the inferior court, it would seem to be an unnecessary and impractical requirement in appealed cases in which formal pleadings are required in the inferior court and are sent up with the transcript.

contemplated by Rule 330(a), is entered by appearing in open court and having the appearance noted on the court's docket. Rule 120, Texas Rules of Civil Procedure. The judgment of the district court recites that respondent neither entered his appearance nor answered to the appeal as required by Rule 330(a). But Rule 330(a) does not stand alone, and the cause was ripe for only such action as the law and the Rules of Civil Procedure authorized against respondent.

1  The record discloses that in entering the default judgment on December 9 the trial court failed to comply with the requirements of Rule 330(b), Texas Rules of Civil Procedure. That Rule provides:

"On the first Monday in each calendar month the judge of each court may, and as far as practicable shall, set for trial during the calendar month next after the month during which the setting is made, all contested cases which are requested to be set, and by agreement of the parties, or on motion of either party, or on the court's own motion with notice to the parties, the court may set any case for trial at any time so as to allow the parties reasonable time for preparation. Non-contested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time."

The transcript before the judge clearly reflected that the case was a contested one, with pleadings filed and issue joined. Rule 330(b) made it the duty of the judge on December 2 to set the case for trial if a setting was requested, and a default judgment in favor of either of the parties was not authorized before the date on which the case was set. The record before us does not disclose a setting of the case for trial on December 9, or that the default judgment was rendered because of the failure of respondent to appear for trial on that date. To the contrary, the record affirmatively discloses that the default judgment was rendered on December 9, in response to a motion filed by petitioners on that date, because of the failure of respondent to appear or answer on December 2. The judgment was thus erroneously rendered, in violation of Rule 330(b), before the case had been set  for trial. In State v. Perkins, 143 Texas 386, 185 S.W. 2d 975, we held that a default judgment of dismissal of a case on appearance day was a violation of Rule 245, Texas Rules of Civil Procedure, requiring cases to be placed on a trial calendar in other classes of courts, and was an erroneous and arbitrary use of power requiring the granting of a new trial.

**2** Moreover, the character of the judgment rendered was improper and erroneous. Respondent as proponent of the will occupied a position of plaintiff in the probate court. His application to probate the will initiated the proceeding. Petitioners filed their contest of the application and occupied a position of defendants. When appeal to the district court was perfected, Rule 334, Texas Rules of Civil Procedure, required a trial de novo of the matter in that court. In that court the parties occupied the same positions they had occupied in the probate court—respondent as plaintiff and petitioners as defendants. Newton v. Newton, 61 Texas 511, 513. Subject to the right of allowable amendment, the cause stood for trial on the pleadings in the transcript sent up from the probate court. The district court was therefore authorized to render against respondent only such judgment as is permitted against a nonappearing plaintiff.

The law of this state does not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit. The cases supporting that proposition are legion. Burger v. Young, 78 Texas 656, 15 S.W. 107; Truehart v. Simpson, Texas Civ. App., 24 S.W. 842, no writ history; Hill v. Friday, Texas Civ. App., 70 S.W. 567, no writ history; Robinson v. Collier, 53 Texas Civ. App., 285, 115 S.W. 915, no writ history; Johnson v. Griffiths & Co., Texas Civ. App., 135 S.W. 683, no writ history; Drummond v. Lewis, Texas Civ. App., 157 S.W. 266, no writ history; American Surety Co. v. Thach, Texas Civ. App., 213 S.W. 314, no writ history; Chittim v. Parr, Texas Civ. App., 216 S.W. 638, affirmed, Parr v. Chittim, Texas Com. App., 231 S.W. 1079; Commercial Credit Co. v. Wilson, Texas Civ. App., 219 S.W. 298, no writ history; Scarborough v. Ward, Texas Civ. App., 219 S.W. 505, no writ history; Scarborough v. Bradley, Texas Civ. App., 256 S.W. 349, no writ history; Cornelius v. Early, Texas Civ. App., 24 S.W. 2d 757, affirmed, Early v. Cornelius, 120 Texas 335, 39 S.W. 2d 6; R. B. George Mach. Co. v. City of Midland, Texas Com. App., 29 S.W. 2d 966; Callihan v. Colorado Nat. Bank, Texas Civ. App., 58 S.W. 2d 143, no writ history; Burton-Lingo Co. v. Lay, Texas Civ. App., 142 S.W. 2d 448, no writ history; Smock v. Fischel, 146 Texas 397, 207 S.W. 2d 891; 15-A Texas Jur. 386, Dismissals, etc., § 42. In some of the cited cases it is said that the only proper judgment which may be rendered against a nonappearing plaintiff is one of dismissal without prejudice. Truehart v. Simpson, supra; Johnson v. Griffiths & Co., supra; Scarborough v. Bradley, supra. In others it is said to be fundamental error to render a judgment on the merits against a non-

appearing plaintiff, Early v. Cornelius, supra; R. B. George Mach. Co. v. City of Midland, supra; Burton-Lingo Co. v. Lay, supra, but the soundness of that proposition has been questioned. Munger Oil & Cotton Co. v. Beckham, Texas Com. App., 228 S.W. 128, 131-132.

**3** But the important question in this case is not whether the judgment entered on the merits by the district court is an improper or fundamentally erroneous one, but whether it is wholly void. If it is only an erroneous or irregular judgment and therefore voidable only, the judgment of the Court of Civil Appeals which grants respondent's motion or petition to set it aside and directs the reinstatement of the cause for trial on its merits is itself erroneous. That is so because the effect of the judgment is to treat the motion or petition as an equitable bill of review and to grant it without proof that respondent had a meritorious cause of action which would have prevented the rendition of the trial court's judgment, but which, without negligence or fault on his part, he was prevented by fraud, accident or mistake from presenting. Merrill v. Roberts, 78 Texas 28, 14 S.W. 254; Browning v. Pumphrey, 81 Texas 163, 16 S.W. 870; Humphrey v. Harrell, Texas Com. App., 29 S.W. 2d 963; 25 Texas Jur. 655, 666, Judgments, §§ 235, 241. It is so also because it is in conflict with the opinion of this Court in Texas Employers' Ins. Ass'n. v. Arnold, 126 Texas 466, 88 S.W. 2d 473, 474, where, in commenting on the procedure to be followed in such cases, we quoted with approval from Humphrey v. Harrell, Texas Com. App., 29 S.W. 2d 963, 964, as follows:

"The only relief to an injured party, other than by appeal, is by direct suit setting up equitable grounds for the relief sought. When such a petition for relief at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed for is either denied or granted in the one proceeding."

For other decisions to the same effect, see 25 Texas Jur. 671-672, Judgments, § 245. It thus appears that the judgment of the Court of Civil Appeals may stand only if the judgment of the trial court is void.

This Court has never passed directly on the validity of a

default judgment rendered on the merits against a nonappearing plaintiff. Neither have we had occasion to consider and determine the validity of a default judgment rendered in a contested case before it was set for trial as required by Rule 330(b).

In Burton-Lingo Co. v. Lay, Texas Civ. App., 142 S.W. 2d 448, the court said that the trial court was *"without jurisdictional power* to render any judgment"[2] against the nonappearing plaintiff "other than a dismissal of plaintiff's suit for want of prosecution," but the statement was unnecessary to the decision because the attack on the trial court's judgment in that case was by a timely motion for new trial and appeal by writ of error. In Roosth v. Poth, Texas Civ. App., 198 S.W. 2d 132, the court assumed that the fact that the judgment on the merits was entered against a nonappearing plaintiff might be shown by bill of exceptions, but held that the judgment was nevertheless not void. The judgment of the Court of Civil Appeals in that case was reversed on other grounds by this Court and we expressly stated that no opinion was expressed as to the validity of the judgment. Poth v. Roosth, 146 Texas 7, 202 S.W. 2d 442, 448. In Browning v. Pumphrey, 81 Texas 163, 16 S.W. 870, the writing Chief Justice expressed his personal opinion that a judgment on the merits against nonappearing plaintiffs was not void but only voidable, but the judgment of the trial court was affirmed on other grounds. In the later case of Harris v. Schlinke, 95 Texas 88, 65 S.W. 172, this Court expressly stated that it had "declined to pass upon the question" in Browning v. Pumphrey.

State v. Perkins, supra, involved a construction of Rules 245, 246 and 247 of the Rules of Civil Procedure, Rules governing the setting and trial of cases in district courts of noncontinuous terms. They differ only slightly from Rule 330(b) which has application to district courts having continuous terms. In that case the defendants appeared on appearance day and obtained a default judgment of dismissal of the State's suit in spite of the fact that Rule 245 required that the trial court provide by rule for the placing of actions upon a trial calendar. This Court condemned that action in the strongest of language, saying: "The question for decisian involves more than the mere violation of rules of practice and procedure in civil cases. It involves the right of a plaintiff (whether state or individual) who has alleged and filed a cause of action, not to be deprived of an opportunity to try his case." 185 S.W. 2d

---

2.—Emphasis ours.

975, 977. The Court was not called upon, however, to determine whether the judgment was a void judgment. The record discloses that the question was raised by a timely motion for new trial and appeal, and the extent of our holding was that the trial court and the Court of Civil Appeals erred in refusing to grant a new trial.

We hold that the default judgment was void. Generally speaking, a judgment rendered by a legally constituted and organized court having jurisdiction over the subject matter of and the parties to a suit will be held valid, Clayton v. Hurt, 88 Texas 595, 32 S|W. 876, 877; Martin v. Sheppard, 145 Texas 639, 201 S.W. 2d 810, 812, unless the particular judgment is one which the court had no power to render. State v. Ferguson, 133 Texas 60, 125 S.W. 2d 272; Cline v. Niblo, 117 Texas 474, 8 S.W. 2d 633, 66 A.L.R. 916; State Board of Insurance v. Betts, 158 Texas 612, 315 S.W. 2d 279. Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authority. State v. Ferguson, supra; Cline v. Niblo, supra; State Board of Insurance v. Betts, supra. They are not void when rendered in violation of statutory provision which is merely directory, Simmons v. Arnim, 110 Texas 309, 220 S.W. 66; 25 Texas Jur. 735-736, Judgments, § 276, or for purely procedural irregularity. 25 Texas Jur. 809-812, Judgments, § 308. But here, the judgment is subject to twin vices. Our Rules of Procedure have the same force and effect as statutes. If a statute had provided that all contested cases should, on appearance day, be set for trial and that no default judgment could be rendered in such a case until the day of its setting, we would not hesitate to declare void a judgment rendered in violation of the statute. That, in effect, is what Rule 330(b) provides. It is the purpose of the Rule to provide a party to a contested case with his day in court. By way of precedent, we have declared void a judgment of injunction rendered without the filing of a bond as required by Rule 684, Lancaster v. Lancaster, 155 Texas 528, 291 S.W. 2d 303. Moreover, respondent was not only denied his day in court but the probate of the will of the decedent was set aside and a final judgment was entered invalidating the will without the taking of proof as to whether it was a valid or invalid will when the only proper judgment which the court was authorized to render, if any at all, was a judgment dismissing the application to probate the will for want of prosecution.

The judgment being void, it is immaterial whether the

instrument filed by respondent be regarded as a motion for new trial or as an equitable bill of review. It was sufficient to invoke action by the trial court setting aside a judgment which the record before the court disclosed to be void. The trial court erred in overruling the motion. The judgment of the Court of Civil Appeals reversing the judgment of the trial court and ordering the main cause for probate of the will of Exa M. Boyle reinstated on the docket of the trial court for setting and trial is therefore affirmed.

Opinion delivered July 29, 1959.

Rehearing overruled October 7, 1958.