**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**James Wayne HICKS, Appellee.**

No. 4795.

Court of Civil Appeals of Texas.

Waco.

April 3, 1969.

Crawford C. Martin, Atty. Gen. of Texas, Monroe Clayton, Asst. Atty. Gen., Austin, for appellant.

David B. Christian, Meridian, for appellee.

OPINION

McDONALD, Justice.

This is an appeal by Texas Department of Public Safety from a default judgment against it in a Driver's License Suspension case.

Justice of the Peace Court, Precinct 7, of Bosque County suspended appellee James Wayne Hicks driver's license for 6 months. Hicks appealed to the County Court of Bosque County under the provisions of Sec. 22, Article 6687b, Vernon's Ann.Tex.Civ. St., demanding a trial de novo as prescribed by such statute. Honorable Byron McClellan, District Attorney of Bosque County, filed on behalf of the Department of Public Safety what was denominated an answer in County Court, which alleged habitual violation of the traffic laws on the part of Hicks, and prayed for suspension of Hicks driver's license.

Appellee Hicks filed a motion asserting that District Attorney McClellan was not authorized or empowered under Article 6687b Sec. 22, V.A.T.S. to act as attorney for the Department, and moved that McClellan be discharged and dismissed from the case and that the Department be considered wholly in default.

The Trial Court granted such motion, held McClellan "not authorized or empowered under Article 6687(b) [6687b] Sec. 22," to act as attorney for the Department, and "discharged and dismissed him from the cause."

The Trial Court on the same day entered an order finding the Department "appeared but wholly made default", and vacated and held for naught the suspension of Hicks' driver's license by the Justice Court of Bosque County.

The Texas Department of Public Safety appeals contending the Trial Court erred in:

1) Rendering default judgment against it when the record reveals on its face that a timely answer had been filed.

2) Dismissing District Attorney McClellan from the case, and holding him not authorized or empowered to represent the Department.

■ We reverse and remand the cause for trial. In the first place an answer was on file for the Department. Even if District Attorney McClellan's dismissal from the case was proper, the answer on file precluded the judgment rendered.

■ Moreover the case was in County Court for trial de novo from the Justice Court. The parties in County Court thus occupied the same position as in the Justice Court, viz., the Department stood in the posture of plaintiff, and Hicks stood in the position of defendant. In such situation the law does not authorize Hicks to take a default judgment against the Department which adjudicates against the plaintiff Department of Public Safety, the merits of its suit. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428.

■ It is true that Article 6687b Section 22 does not expressly authorize or empower the District Attorney to act for the Department of Public Safety in a driver's license suspension case; and that prior to the 1965 amendment such article empowered the County Attorney or District Attorney to represent the department in such cases. Nevertheless, Mr. McClellan as an attorney at law, was authorized, as distin-

guished from obligated, to represent the Department, if he chose to do so.

Appellant's points and contentions are sustained.

Reversed and remanded.