Rosa Linda ANDERSON, Petitioner,

v.

Edward Matthew ANDERSON, Respondent.

No. C14–85–234–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 29, 1985.

Rehearing Denied Sept. 26, 1985.

Alvin L. Zimmerman, Webb, Zimmerman, Flaum & Svetlik, Houston, for petitioner.

Robert H. West, Houston, for respondent.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal by writ of error to set aside a judgment entered against the petitioner. Although petitioner asserts four points of error, we believe the dispositive issue before us is whether the trial court erred in proceeding to trial without giving proper notice of the trial setting to the petitioner. We reverse and remand.

Respondent filed this divorce action in Harris County, Texas, on March 5, 1984, seeking a temporary restraining order, and, after a trial on the merits, a decree of divorce, a division of the community assets and custody of the two minor children. On March 6, 1984, respondent filed a motion for service "by publication or other authorized substituted service." In his affidavit attached thereto, respondent stated that he had been unable to locate petitioner, but further stated that he believes "notice may best be served ... by certified mail to persons with whom she may have contact." The affidavit fails to show that service of citation had been attempted in any manner. On March 30, 1984, the court entered an order appointing an attorney ad litem for petitioner after she had failed to answer or appear in the cause following service by publication.

While the record is unclear, petitioner and the two minor children were apparently residing in New York with relatives. She had applied to the welfare agency in New York for public assistance and aid for dependent children. The ad litem attorney was apparently successful in locating petitioner through this agency and subsequently was able to secure personal service by registered mail upon her pursuant to Tex. R.Civ.P. 103, 106, and 108. On June 20, 1984, petitioner sent a certified letter to the court which was received and filed by the clerk on June 25. This letter contained what can be construed as answers to the allegations in respondent's petition and furthermore outlined what property she considered as her separate property. At the end of the letter, petitioner explained to the court that she was currently undergoing treatment for cancer of the breast and she attached pictures to the letter which manifested her affliction. Respondent candidly concedes this letter "may be construed as an answer on her behalf."

On August 10, 1984, the court proceeded to hear this case. The letter bearing a file mark was marked as an exhibit by the attorney ad litem and the court was asked to take notice of it. At the close of the trial, respondent's counsel asked the clerk not to mail the decree until the respondent had the opportunity of having his writ of

habeas corpus enforced in New York for the custody of the two children.

Respondent challenges our jurisdiction of this appeal, contending that since appellant "participated by filing answer and by representation of her duly appointed attorney of record," she is precluded from appealing by writ of error. We do not agree. Tex.R.Civ.P. 360(2) which contains the requisites previously set forth in Tex.Rev.Civ.Stat.Ann. art. 2249a (Vernon Supp.1985) (repealed 1984) for a writ of error precludes a "party who participates either in person or by his attorney in the *actual trial of the case* in the trial court" from the right of review by writ of error. This provision has been construed to mean "the hearing in open court, leading up to the rendition of judgment." *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941); *Specia v. Specia*, 292 S.W.2d 818 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.); *Stubbs v. Stubbs*, 654 S.W.2d 838 (Tex.App.—Dallas 1983, no writ). There is no contention, nor could there be from the record before us, that petitioner personally participated in the actual trial of the case. We reject respondent's contention that the appearance by the attorney ad litem, appointed by the court to represent petitioner following citation by publication, was sufficient to constitute participation "by [her] attorney" to defeat the right of appeal by writ of error. As early as 1869, our supreme court held that a court appointed attorney could not act in behalf of a client beyond the scope for which he was appointed. *Hoffman v. Cage*, 31 Tex. 595 (1869). In the instant case, the duties of the ad litem after being appointed by the court were 1) to locate the petitioner and give notice of the pending suit or 2) if unsuccessful in locating her to zealously defend petitioner in her absence. *Madero v. Calzado*, 281 S.W. 329 (Tex.Civ.App.— San Antonio 1926, writ dism'd). When petitioner answered the suit, the ad litem could no longer act in her stead absent her permission. *Hoffman*, 32 Tex. at 597. And when the trial court became aware that the ad litem was acting beyond the scope of his authority, it was the court's duty to inter-vene to protect the petitioner's rights. *Madero*, 281 S.W. at 330. Respondent's challenge to the jurisdiction is overruled.

It is axiomatic that in order for a judgment to be accorded finality all parties to a lawsuit must have been accorded procedural due process of law. Our courts have repeatedly held that due process requires: 1) a party be given notice of a lawsuit, and 2) an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 312, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950); *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex.1983). While petitioner has urged numerous technical arguments concerning notice of the suit, we decline to pass on these points since petitioner did in fact receive notice of the pending action. Therefore, the dispositive issue before us is whether the failure to notify petitioner of the trial setting denied her the opportunity to be heard.

It is well settled that it is error for the trial court to proceed to trial when an answer is on file without giving notice of the trial setting. *Terehkov v. Cruz*, 648 S.W.2d 441, 442 (Tex.Civ.App.—San Antonio 1983, no writ); *Morris v. Morris*, 554 S.W.2d 792 (Tex.Civ.App.—San Antonio 1977, no writ). We have reviewed petitioner's letter to the court and we construe it as an answer. The record is devoid of any showing that notice was given to petitioner of the trial setting nor does respondent contend that petitioner was given notice as required by Tex.R.Civ.P. 246, *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959) and the local court rules. The failure of the court to adhere to the above mandatory rules was an abuse of discretion which resulted in a void judgment. *Freeman*, 160 Tex. 148, 327 S.W.2d at 433.

The judgment is reversed and remanded.