Claude E. STEWART, Jr., Appellant,

v.

Reed WHATLEY, Appellee.

No. 5102.

Court of Civil Appeals of Texas,
Waco.

March 23, 1972.

Rehearing Dismissed April 27, 1972.

Stayton, Maloney, Black, Hearne & Babb
(Thomas Black), Austin, for appellant.

Robert F. Salter, Gatesville, John R.
Duren, Copperas Cove, for appellee.

## OPINION

HALL, Justice.

The plaintiff-appellant alleged in his petition that he and the defendant-appellee were associated in the operation of two motion picture theaters, but that the defendant has given the plaintiff notice of termination of the association and has assumed complete control of the assets of the business and its operation. Plaintiff prayed for an accounting by defendant and for an equal division of the business property between the parties. The defendant answered with a general denial, and affirmatively pleaded an accord and satisfaction and the statute of frauds.

The record shows without dispute that on June 7, 1971, the court set the case for trial on July 19, 1971, and that the plaintiff's attorney was notified of the setting. The defendant and his attorneys were present when the case was called for trial on July 19th, but plaintiff and his attorney did not appear. The court proceeded to hear the case on its merits, and, after the defendant had adduced his proof, rendered judgment that plaintiff "take nothing." The judgment recites that "it is the finding of the court that plaintiff's entire cause of action is without merit."

Plaintiff employed new counsel and filed a timely motion for new trial in which he alleged, among other grounds, that his absence from the trial was not due to his fault. After a hearing thereon, the court overruled the motion.

In his first point of error plaintiff asserts that his motion for new trial should have been granted because "all or at least the great weight of the evidence" shows that plaintiff "had good cause for his non-appearance at the trial." We disagree, and overrule this contention.

■ Implied in the order overruling the motion for new trial are findings that plaintiff's failure to appear at the trial was caused by his negligence or that of his attorney. There is probative evidence in the record that supports those findings. Moreover, a careful review of all of the evidence convinces us that it is factually sufficient to support the findings. The parties are, of course, familiar with the record; and we do not believe that a recitation of the evidence in this opinion would serve any useful purpose.

■ In his remaining point of error, plaintiff contends that the trial of the case on its merits without the presence of plaintiff or his counsel, and the rendition of a "take nothing" judgment against him, were both erroneous; and that upon his non-appearance the trial court should have ordered that his cause of action be dismissed without prejudice. We sustain this contention and reverse the judgment of the trial court.

■ "The law of this state does not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit." Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, 431 (1959). The *only* remedy against the defaulting plaintiff insofar as his cause of action is concerned is an order dismissing his suit for want of prosecution, Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891, 892 (1948); without prejudice, Murphy v. Stigall (Tex.Civ.App., 1962, writ ref.) 352 S. W.2d 918, 919.

■ The defendant argues that, in any event, his defense of accord and satisfaction is established as a matter of law under the record and that the judgment is therefore harmless. This contention is based upon a consideration of the merits of the case, and for this reason, if none other, it must be overruled.

■ With certain exceptions which have no application here, when we reverse the judgment of a trial court it is then our duty to render the judgment that should have been rendered by that court. Rule 434, Texas Rules of Civil Procedure. Accordingly, we render judgment that this case be, and it is hereby, dismissed without prejudice.

Costs in the trial court are taxed against the plaintiff-appellant. The costs of this appeal are assessed against the defendant-appellee.

Reversed and rendered.