Robert BENJAMIN et ux., Appellant,

v.

Marvin SAWYER, d/b/a Sawyer Con-
struction Co., et al., Appellees.

No. 15654.

Court of Civil Appeals of Texas,
San Antonio.

Oct. 13, 1976.

John D. Wennermark, San Antonio, for
appellant

BARROW, Chief Justice.

Appellants, Robert Benjamin and wife,
Dorothy Mary Benjamin, have timely per-
fected their appeal by writ of error after a
default judgment was granted appellee,
Marvin Sawyer, d/b/a Sawyer Construction
Company, on the cross-action filed against
appellants.

Appellants filed suit against appel-
lee seeking damages and to restrain appel-
lee from selling or taking possession of
three lots under a deed of trust lien exe-
cuted by appellants in favor of appellee to
secure a note given for construction of
premises on the lots. It was alleged that
the consideration for the note had failed
because of improper construction. Appellee
filed a cross-action against appellants seek-
ing a judgment for the balance owed on the
note and for foreclosure of the deed of trust
lien. On November 10, 1975, the trial court,

after an ex parte hearing,[1] granted appellee a default judgment on his cross-action and severed the cross-action from appellants' cause of action.

Appellants urge by a single point of error that the trial court erred in granting a default judgment on appellee's cross-action based on appellants' alleged failure to answer to the cross-action. Appellee has not filed a reply brief.

■ Rule 81, Tex.R.Civ.P., provides in part that when the defendant sets up a counter-claim, the plaintiff *may* plead thereto. It is settled law that a general denial is not necessary when the counter-claim arises out of the same transactions or occurrences alleged in the petition. In *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959), the Supreme Court said that the cases are legion supporting the proposition that the law of this State does not authorize a defendant to take a default judgment on his cross-action which adjudicates against the plaintiff on the merits of his suit. *See also, Pure Milk and Ice Cream Co. v. Tomlinson*, 529 S.W.2d 115 (Tex.Civ. App., Austin 1975, writ dism'd); *Prince v. Peurifoy*, 396 S.W.2d 913 (Tex.Civ.App., Dallas 1965, no writ); *Kemp v. Westbrook*, 358 S.W.2d 889 (Tex.Civ.App., Dallas 1962, writ ref'd n.r.e.); 2 McDonald, Texas Civil Practice § 8.02(A)(I) (1970).

■ Here the cause of action asserted by appellee in his cross-action not only grows out of the same transaction asserted by appellants in their original action, but in fact, involves the same disputed issues. Since appellants were not required to file a general denial to appellee's cross-action, the trial court erred in granting the default judgment.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent herewith. The costs of this appeal are taxed against appellee.

---

1. Appellants were represented by an attorney of record who should have been notified of the hearing.