Clarence McDADE, Administrator of the Estate of A. C. Harris, Deceased, Appellant,

v.

Willie Mae SAMS, Appellee.

No. 16716.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 18, 1976.

Voorhees & Cooper, Herman D. Voorhees, Robert O. Cooper, Houston, for appellant.

Harris & Graul, Howard A. Lang, Jr., Houston, for appellee.

EVANS, Justice.

This is an appeal from the trial court's judgment setting aside a default judgment previously rendered against the plaintiff on the defendant's counterclaim, and awarding the plaintiff title to and possession of a tract of 23½ acres of land in Waller County, Texas.

The parties were divorced by decree dated June 16, 1958, which recited that no community property had been accumulated during the marriage. The basic dispute between the parties is whether the land in controversy was owned by the community, having been acquired during the marriage, or whether it constituted the separate estate of the plaintiff. The plaintiff's contention is that she acquired title, as her separate estate, upon a conveyance from her brother made in exchange for certain city property which she had inherited from her parents.

Subsequent to the entry of the divorce decree, the defendant A. C. Harris executed a conveyance of his interest in the property to an attorney, E. H. Momberger, as trustee. Thereafter the plaintiff brought an action in trespass-to-try title and for removal of cloud, naming Harris and Momberger as defendants. A joint answer was filed on behalf of both defendants in which they specially plead that title to the land had been acquired in the plaintiff's name for the community and had been paid for with community funds. In a separately filed counterclaim the defendants sought partition of their claimed interest in the property. The parties thereafter filed various amended and supplemental pleadings, and an answer was filed by the plaintiff to the defendants' counterclaim.

The defendant Harris, upon obtaining a reconveyance of Momberger's interest, filed a second amended answer and counterclaim, against seeking partition of his claimed interest in the property and, in addition, a recovery of damages for the loss of use of the premises. A copy of this pleading and citation were served upon the plaintiff; however, copies were not delivered to her attorney.

On July 9, 1973, after the date specified for answering the second amended counterclaim had passed, the trial court entered a

default judgment against the plaintiff, reciting that although duly cited, she had failed to appear and answer the defendant's counterclaim. The default judgment declared that the property constituted the community property of the parties, that it should be partitioned between them, and appointed a surveyor and commissioners to effectuate that purpose. The default judgment made no award of damages as prayed for in the counterclaim.

■ The defendant's counterclaim did no more than assert his claim to an interest in the property which the plaintiff sought to recover in her petition. This could have been accomplished under a statutory plea of not guilty or by a special plea raising the issue. The defendant was not entitled to a decree of partition unless he first succeeded in defeating the plaintiff's claim of title. Since there had been no disposition made of the plaintiff's cause of action, the trial court was without authority to enter a default judgment on the defendant's counterclaim.

" 'The law of this state does not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit.' *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428, 431 (1959). The *only* remedy against the defaulting plaintiff insofar as his cause of action is concerned is an order dismissing his suit for want of prosecution, *Smock v. Fischel,* 146 Tex. 397, 207 S.W.2d 891, 892 (1948); without prejudice, *Murphy v. Stigall* (Tex.Civ.App., 1962, writ ref.) 352 S.W.2d 918, 919.' " *Stewart v. Whatley,* 479 S.W.2d 84, 85 (Tex.Civ.App.—Waco 1972, no writ).

The default judgment was entered solely upon the basis that the plaintiff had failed to appear on the answer date for the second amended counterclaim. The cause had not been set for trial in accordance with the provisions of Rule 330(b), Texas Rules of Civil Procedure (subsequently repealed effective January 1, 1976, but then in effect) and the trial court was without authority to enter a default judgment under such circumstances.

The entry of the default judgment in the face of the plaintiff's petition and without proper trial setting renders the judgment void. *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428, 431 (1950); McDonald, Texas Civil Practice, Vol. 4, § 17.18, p. 102. The entry of the default judgment denied the plaintiff her day in court upon the cause of action which she asserted in her petition against the defendant.

"Rule 81, Tex.R.Civ.P., provides in part that when the defendant sets up a counterclaim, the plaintiff *may* plead thereto. It is settled law that a general denial is not necessary when the counter-claim arises out of the same transactions or occurrences alleged in the petition. In *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428 (1959), the Supreme Court said that the cases are legion supporting the proposition that the law of this State does not authorize a defendant to take a default judgment on his cross-action which adjudicates against the plaintiff on the merits of his suit. *See also, Pure Milk and Ice Cream Co. v. Tomlinson,* 529 S.W.2d 115 (Tex.Civ.App.—Austin 1975, writ dism'd); *Prince v. Peurifoy,* 396 S.W.2d 913 (Tex.Civ.App.—Dallas 1965, no writ); *Kemp v. Westbrook,* 358 S.W.2d 889 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); 2 McDonald, Texas Civil Practice § 8.02(A)(I) (1970)." *Benjamin v. Sawyer,* 542 S.W.2d 734 (Tex.Civ.App.—San Antonio, 1976, no writ), 1 T.C.R. 898, Oct. 15, 1976.

■ It should also be noted that the answer filed by the plaintiff to the defendant's counterclaim constituted an answer to his subsequently filed second amended counterclaim. Moreover, the plaintiff's petition in itself constituted an answer to the counterclaim. *Kemp v. Westbrook,* 358 S.W.2d 889, 894 (Tex.Civ.App.—Dallas 1962, writ ref. n. r. e.). There can be no default when an answer is filed. Rule 239, Texas Rules of Civil Procedure; *Stanford v. Lincoln Tank Co.,* 421 S.W.2d 412 (Tex.Civ.App.—Ft. Worth 1967, no writ).

■ The defendant contends the trial court erred in setting aside the default

judgment because the plaintiff failed to allege and prove the absence of fault or negligence on her part in failing to defend against the counterclaim and also because the plaintiff's bill of review was not verified. These contentions do not have merit since the default judgment was void. *Freeman v. Freeman,* supra. In this proceeding, the trial court properly set aside the default judgment and proceeded to hear evidence on the merits of the case.

■ The defendant next contends that the evidence is insufficient to support the trial court's judgment. There was testimony that the plaintiff and one of her brothers had inherited a city lot from their parents and that she had traded her interest in the property to another brother in exchange for the land in controversy. The trial court was justified in determining from the evidence that the trade involved only the separate property of the plaintiff so that she acquired title to the land in controversy as her separate estate.

> "In the absence of agreement to the contrary property purchased with separate funds, or taken in exchange for separate property, becomes the separate property of him whose money purchases or whose property is given in exchange. *Dixon v. Sanderson,* 72 Tex. 359, 10 S.W. 535 (1888)." *Newland v. Newland,* 529 S.W.2d 105, 107 (Tex.Civ.App.—Ft. Worth 1975, writ dism'd).

The testimony of the plaintiff and other members of her family indicated a family pattern of land ownership. All of the children had been left property by their parents; the family was poor and no money was exchanged. The evidence is sufficient to rebut a presumption that the property was acquired as part of the community estate and to support the trial court's finding that the property was the separate estate of the plaintiff.

Since the trial court's judgment may be upheld upon the determination that the property was the separate estate of the plaintiff, it is not necessary to consider the defendant's remaining argument that the evidence is insufficient to support the plaintiff's claim of a limitation title.

The judgment of the trial court is affirmed.