**Opal Mae TROTTER, Appellant,**

v.

**The CITY OF WICHITA FALLS,**
**Appellee.**

**No. 18563.**

Court of Appeals of Texas,
Fort Worth.

Oct. 21, 1981.

---

Neely, Mason & Snodgrass, Don Snodgrass, Wichita Falls, for appellant.

H. P. Hodge, Jr., City Atty., and Kyle S. Morrison, Asst. City Atty., Wichita Falls, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

JORDAN, Justice.

This is a Worker's Compensation case in which appellant appeals from judgment en-tered on a jury verdict in the trial court not to her liking. Appellee, City of Wichita Falls, duly and timely filed suit in the trial court to set aside an adverse award of the Industrial Accident Board. Appellant answered by general denial and filed her cross-action to recover Worker's Compensation benefits for an injury allegedly sustained by her while in the employ of the city on or about July 3, 1979. Appellee filed no answer or any other pleading in response to appellant's cross-action for benefits. Appellant, by various assignments of error, contends that the trial court erred in proceeding to trial and to judgment without some answer or reply having been filed to appellant's cross-action. She urges in effect that the issues were never joined in the trial court.

The judgment of the trial court is affirmed.

In its original petition appellee prayed that the ruling of the Industrial Accident Board be set aside and held for naught. Appellee also alleged in its petition the following: "The Plaintiff herein alleges that the Defendant did not sustain an accidental injury in the course of her employment with the City of Wichita Falls, and that if she did, the disability occasioned to the Defendant was temporary and has now ceased."

On trial, the court submitted the standard Worker's Compensation Act special issues and the jury found that appellant did sustain an accidental injury on or about July 3, 1979, that she suffered no total incapacity, and that she was partially incapacitated from July 3, 1979 through July 8, 1979.

Appellant has urged nine points of error, all complaining of the trial court's failure to render judgment for her on the pleadings without trial on the merits of the case.

When appellee stated in its petition that appellant did not sustain an accidental injury and that if she did, any disability she sustained was only temporary and appellant thereafter, in her cross-action, alleged that she had, in fact, sustained an accidental injury which caused total incapacity or, in

**162** 

the alternative, partial incapacity, the issues as to injury and extent of incapacity were joined. Appellee needed nothing further to raise the question and to be entitled to a jury trial on the question of whether or not appellant was injured and, if so, the extent and duration of incapacity.

██ Tex.R.Civ.P. 81 says that when the defendant sets up a counterclaim, the plaintiff *may* plead thereto under rules prescribed for pleadings of defensive matter by the defendant. Such pleading by plaintiff is not *required*. Filing of a response to a counterclaim is not mandatory. It is not necessary when the counterclaim arises out of the same transaction or occurrence alleged in the petition. *McDade v. Sams*, 545 S.W.2d 205 (Tex.Civ.App.—Houston 1976, no writ); *Benjamin v. Sawyer*, 542 S.W.2d 734 (Tex.Civ.App.—San Antonio 1976, no writ).

██ Default judgment in this case, before trial, with the pleadings in the condition they were in when the parties went to trial, would have been improper and the judgment would have been void. *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (Tex.1959).

All points of error are overruled and the judgment of the trial court is affirmed.