CROWN ASSET MANAGEMENT,
L.L.C., Appellant,

v.

Charlotte BOGAR, Appellee.

No. 05–07–01146–CV.

Court of Appeals of Texas,
Dallas.

Aug. 21, 2008.

Rehearing Overruled Oct. 1, 2008.

Jody Jenkins, McCleskey, Harriger, Brazill & Graf, LLP, Lubbock, for appellant.

Charlotte Bogar, Dallas, pro se.

Before Justices WRIGHT, BRIDGES, and MAZZANT.

## OPINION

Opinion by Justice BRIDGES.

Crown Asset Management, L.L.C. appeals the dismissal for want of prosecution of its suit against Charlotte Bogar. In two issues, Crown argues the trial court erred by dismissing the underlying suit for want of prosecution and by denying Crown's motion for default judgment. We affirm the trial court's order dismissing for want of prosecution.

On December 28, 2006, Crown filed suit against Bogar, claiming Bogar breached her contract with Crown. Crown alleged "funds were advanced" to Bogar "pursuant to a contract" and that Bogar executed a security agreement granting a security interest in "the goods described therein." Crown alleged it was the owner and holder of the contract and that it was "entitled to receive all money due under its terms." Crown further alleged the balance due was $10,792.08. Crown sought attorney's fees and pre- and post-judgment interest. Crown's original petition is not verified. Bogar was served with citation on January 20, 2007; however, Bogar did not file an answer or otherwise appear in the underlying suit.

Crown filed its motion for default judgment on February 26, 2007, alleging Bogar was properly served with citation and a copy of Crown's original petition on January 20, 2007, yet failed to file an answer. The trial court refused to grant Crown's motion for default judgment, and Crown filed an amended affidavit in support of its motion for default judgment on May 18, 2007. In the affidavit, Leigh Suttlemyre stated she was "authorized to make this

affidavit on behalf of [Crown]." She then explained that she had personal knowledge of the loan contract between Bogar and Crown and referred to "Exhibit 1" attached to her affidavit, a retail installment contract and security agreement showing Bogar purchased a vehicle from Vista Ridge Pontiac–GMC Truck, Inc. Suttlemyre stated Crown was in possession of the contract and was "entitled to payment thereon." Suttlemyre further stated Bogar defaulted in paying the total principal and interest due and that Crown "or its predecessor" foreclosed upon and sold the collateral. Suttlemyre then stated that "after all just and lawful offsets, payments, and credits, including the proceeds from the foreclosure sale," Bogar owed Crown $10,792.08 and interest. Neither the amended affidavit nor the retail installment contract contain any information regarding what payments Bogar may have made or the amount of proceeds obtained from the foreclosure sale.

On July 10, 2007, the trial court sent Crown correspondence stating the case was set for dismissal on August 10, 2007. The letter stated that, if no answer had been filed or if the answer filed was insufficient as a matter of law to place any of the facts alleged in Crown's petition at issue, Crown was expected to move for and to have heard a summary judgment or to have proved up a default judgment prior to the August 10 deadline. The letter warned that failure to do so would result in the dismissal of the case. On July 12, 2007, the trial court sent a letter stating it was returning the enclosed default judgment unsigned because Crown's petition did not give fair notice of a claim against defendant, the default judgment relied on causes of action that were not adequately pleaded, damages could not be accurately calculated, and there was no evidence of a systematic record kept and supported by an affidavit. On August 3, 2007, Crown filed a motion for continuance, acknowledging the case was set for dismissal on August 10, 2007 but requesting a continuance to await answers to discovery from defendant due after the dismissal date. Crown took no further action. On August 13, 2007 the trial court dismissed the case for want of prosecution and also for failure to take action after notice of intent to dismiss for want of prosecution. This appeal followed.

■ In its first issue, Crown argues the trial court erred by dismissing the case for want of prosecution. We review a dismissal for want of prosecution under an abuse of discretion standard. *See WMC Mortgage Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex.App.-Dallas 2006, pet. denied). The burden of proof rests on a litigant asserting an abuse of discretion because there is a presumption that the action of the trial court was justified. *Green v. Kaposta*, 152 S.W.3d 839, 843 (Tex.App.-Dallas 2005, no pet.). A trial court may dismiss a case for want of prosecution under rule 165a or under the court's inherent authority. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). Under rule 165a, the trial court may dismiss the case for failure to appear or failure to dispose of a case within the time standards. *Id.* Further, the trial court may dismiss the case under its inherent authority if the plaintiff fails to prosecute the case with due diligence. *Id.* The test is not whether, in our opinion, the record presents an appropriate case for the trial court's action, but "whether the court acted without reference to any guiding rules and principles." *Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex.2004).

■ Crown complains particularly of the notice of dismissal's assertion that Crown failed to take action after notice of the trial court's intent to dismiss the case

for want of prosecution. Crown points out that it filed a motion for default judgment on February 26 and an amended affidavit in support of its motion on May 18. In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, the length of time the case was on file, the extent of activity in the case, the request of a trial setting, the existence of reasonable excuses for delay, and the reasonable diligence of serving the opposing party. *Polk v. Southwest Crossing Homeowners Ass'n*, 165 S.W.3d 89, 97 (Tex.App.-Houston [14th Dist.] 2005, pet. denied).

Here, the trial court twice refused to grant Crown's motion for default judgment and gave Crown specific notice on July 12 of the deficiencies in Crown's motion. The trial court notified Crown that the case would be dismissed for want of prosecution if Crown failed to adequately prove up its default judgment by August 10. Thus, Crown was on notice a month before the case was dismissed that its default judgment was not adequately proven and that its case would be dismissed for want of prosecution if Crown did not remedy the situation. Crown's only response was to file a motion for continuance on the basis that "Plaintiff sent written discovery to Defendant" on an undisclosed date and "the answers will be due after this case is set for trial and the information will be essential to streamline the trial of this matter." We conclude the trial court's dismissal of the underlying case, after it had provided notice of the deficiencies in Crown's motion for default judgment and Crown took no action to remedy those deficiencies, was a valid exercise of the court's inherent power to dismiss and was not an abuse of discretion. *See Cire*, 134 S.W.3d at 839; *Villarreal*, 994 S.W.2d at 630. We overrule Crown's first issue.

In its second issue, Crown argues the trial court erred by denying its motion for default judgment. When a default judgment is taken against a non-answering defendant on an unliquidated claim, all allegations of fact contained in the petition are deemed admitted, except for the amount of damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992); *Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex. App.-Dallas 2005, no pet.). When damages are unliquidated, the trial court entering the default judgment must hear evidence on the damages. Tex.R. Civ. P. 243; *Holt Atherton Indus.*, 835 S.W.2d at 83; *Argyle Mech.*, 156 S.W.3d at 687. In contrast, "if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its discretion, and final judgment shall be rendered therefor...." Tex.R. Civ. P. 241. A claim is liquidated if the amount of damages may be accurately calculated by the trial court from the factual as opposed to the conclusory allegations in the plaintiff's petition and the written instruments. *Argyle Mech.*, 156 S.W.3d at 687; *BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 547 (Tex.App.-Dallas 1984, writ ref'd n.r.e.); *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex.App.-Houston [14th Dist.] 2007, no pet.).

Here, Crown's amended affidavit by Suttlemyre contains only conclusory allegations regarding the amount of damages and does not show how Suttlemyre acquired personal knowledge of the amount of damages. The affidavit's "Exhibit 1" is a contract between Bogar and Vista Ridge Pontiac–GMC Truck, Inc. Crown failed to provide documentation showing the chain of title between Crown and Vista Ridge Pontiac–GMC Truck, Inc. Neither the amended affidavit nor the retail installment contract contain any information re-

garding what payments Bogar may have made, the amount of proceeds obtained from the foreclosure sale, or how Crown arrived at the $10,792.08 amount of damages. We conclude neither the amended affidavit nor the retail installment contract attached as "Exhibit 1" was sufficient to allow the trial court to accurately calculate the damages in this case. *See Argyle Mech.*, 156 S.W.3d at 687; *BLS Limousine Serv.*, 680 S.W.2d at 547; *Whitaker*, 218 S.W.3d at 220. Under these circumstances, the trial court did not abuse its discretion by denying Crown's request for a default judgment. We overrule Crown's second issue.

We affirm the trial court's judgment.