COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-08-172-CV

 

 

CLEMENCIA AGUILAR                                                          APPELLANT

 

                                                      V.

 

AUTOBUSES
LUCANO,                                                               APPELLEES

INC. AND LUCANO

TRANSPORTS, IN ITS ASSUMED

OR COMMON NAME

 

                                                  ------------

 

             FROM
THE 342ND DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

In a single issue, Appellant
Clemencia AguilarCwho is the
plaintiff in the underlying litigationCcontends that the trial court erred by granting a take nothing default
judgment against her.








Aguilar filed suit against
Appellees Autobuses Lucano, Inc. and Lucano Transports for personal injuries
she sustained as a passenger on one of Appellees= buses when the bus struck another vehicle.  At the same time Aguilar served Appellees
with her original petition, she served Appellees with requests for admission
and other discovery.  Aguilar also paid a
jury fee.  Appellees failed to file an
answer and failed to answer Aguilar=s discovery.  Approximately
eleven months later, Aguilar appeared to give testimony on unliquidated damages
for a default judgment.  After hearing
the evidence presented at the default judgment hearing, the trial court entered
a final judgment against Aguilar, and she perfected this appeal.

Aguilar concedes that her
damages were unliquidated, and she does not complain that the trial court erred
by denying her motion for a default judgment; she claims only that a trial
court cannot, following a default judgment hearing and in light of the prior
payment of a jury fee, sign a judgment for the non-answering defendant.  We agree.













In the default judgment
context, a defendant=s failure to
file an answer is construed as an admission of all allegations of fact set
forth in the petition, except for the amount of unliquidated damages.  Dawson v. Briggs, 107 S.W.3d 739, 748
(Tex. App.CFort Worth
2003, no pet.); Arenivar v. Providian Nat'l Bank, 23 S.W.3d 496, 497B98 (Tex. App.CAmarillo
2000, no pet.)  (citing Tex. Commerce
Bank, Nat'l Ass'n v. New, 3 S.W.3d 515, 516 (Tex. 1999)).  If the damages being claimed are
unliquidated, the court rendering a default judgment must hear evidence on
damages.  See Tex. R. Civ. P. 243;
Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992).  The trial court possesses discretion,
however, upon hearing such evidence of unliquidated damages, to determine that
the evidence does not support the damages claimed or sought by the plaintiff.  See Crown Asset Mgmt., L.L.C. v. Bogar,
No. 05-07-01146-CV, 2008 WL 3867638, at *2 (Tex. App.CDallas Aug. 21, 2008, no pet. h.) (holding trial court did not abuse
its discretion by denying plaintiff=s motion for default judgment when plaintiff failed to satisfactorily
prove up damages).  The trial court does
not, however, possess authority to grant a default judgment for a non-answering
defendant based on a plaintiff=s motion for default judgment.  See
Tex. R. Civ. P. 239 (authorizing default judgment against Asuch defendant if he has not previously
filed an answer@) (emphasis
added); Kao Holdings, L.P. v. Young, 261 S.W.3d 60, 65 (Tex. 2008)
(recognizing that A[r]ule 239
of the Texas Rules of Civil Procedure provides for default judgment only
against >a defendant=@ and reversing a  default
judgment because AKao was not
a defendant@); see
also Freeman v. Freeman, 160 Tex. 148, 156, 327 S.W.2d 428, 433 (1959), overruled
on other grounds by Mapco, Inc. v. Forest, 795 S.W.2d 700 (Tex. 1990); McDade
v. Sams, 545 S.W.2d 205, 207 (Tex. Civ. App.CHouston [1st Dist.] 1976, no writ), disapproved of on other grounds
by El Paso Pipe & Supply Co. v. Mountain States Leasing, Inc., 617
S.W.2d 189 (Tex. 1981).

The trial court here
possessed discretion to find, as it did, that Aguilar was not entitled to a
default judgment against Appellees and to deny Aguilar=s motion for a default judgment. 
See Crown Asset Mgmt., L.L.C., 2008 WL 3867638, at *2.  But the trial court was not authorizedCon Aguilar=s motion for
a default judgmentCto render
and sign a judgment for Appellees, especially in light of Aguilar=s payment of a jury fee.  See
Tex. R. Civ. P. 239; Kao, 261 S.W.3d at 65; see also, e.g.,
Freeman, 160 Tex. at 156, 327 S.W.2d at 433; McDade, 545 S.W.2d at
207.  Accordingly, we sustain Aguilar=s sole issue, reverse the trial court=s judgment, and remand this case to the trial court.  

 

SUE WALKER      

JUSTICE

 

PANEL:
DAUPHINOT, WALKER, and MCCOY, JJ.

 

DELIVERED:  November 6, 2008











[1]See Tex.
R. App. P. 47.4.