

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**


## NO. 2-08-172-CV


CLEMENCIA AGUILAR                                              APPELLANT

V.

AUTOBUSES LUCANO,                                              APPELLEES
INC. AND LUCANO
TRANSPORTS, IN ITS ASSUMED
OR COMMON NAME

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In a single issue, Appellant Clemencia Aguilar—who is the plaintiff in the

underlying litigation—contends that the trial court erred by granting a take

nothing default judgment against her.

---

[1] *See* Tex. R. App. P. 47.4.

Aguilar filed suit against Appellees Autobuses Lucano, Inc. and Lucano Transports for personal injuries she sustained as a passenger on one of Appellees' buses when the bus struck another vehicle. At the same time Aguilar served Appellees with her original petition, she served Appellees with requests for admission and other discovery. Aguilar also paid a jury fee. Appellees failed to file an answer and failed to answer Aguilar's discovery. Approximately eleven months later, Aguilar appeared to give testimony on unliquidated damages for a default judgment. After hearing the evidence presented at the default judgment hearing, the trial court entered a final judgment against Aguilar, and she perfected this appeal.

Aguilar concedes that her damages were unliquidated, and she does not complain that the trial court erred by denying her motion for a default judgment; she claims only that a trial court cannot, following a default judgment hearing and in light of the prior payment of a jury fee, sign a judgment for the non-answering defendant. We agree.

In the default judgment context, a defendant's failure to file an answer is construed as an admission of all allegations of fact set forth in the petition, except for the amount of unliquidated damages. *Dawson v. Briggs*, 107 S.W.3d 739, 748 (Tex. App.—Fort Worth 2003, no pet.); *Arenivar v. Providian Nat'l Bank*, 23 S.W.3d 496, 497–98 (Tex. App.—Amarillo 2000, no pet.)

2

(citing *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999)). If the damages being claimed are unliquidated, the court rendering a default judgment must hear evidence on damages. *See* Tex. R. Civ. P. 243; *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). The trial court possesses discretion, however, upon hearing such evidence of unliquidated damages, to determine that the evidence does not support the damages claimed or sought by the plaintiff. *See Crown Asset Mgmt., L.L.C. v. Bogar*, No. 05-07-01146-CV, 2008 WL 3867638, at *2 (Tex. App.—Dallas Aug. 21, 2008, no pet. h.) (holding trial court did not abuse its discretion by denying plaintiff's motion for default judgment when plaintiff failed to satisfactorily prove up damages). The trial court does not, however, possess authority to grant a default judgment for a non-answering defendant based on a plaintiff's motion for default judgment. *See* Tex. R. Civ. P. 239 (authorizing default judgment against "*such defendant* if he has not previously filed an answer") (emphasis added); *Kao Holdings, L.P. v. Young*, 261 S.W.3d 60, 65 (Tex. 2008) (recognizing that "[r]ule 239 of the Texas Rules of Civil Procedure provides for default judgment only against 'a defendant'" and reversing a default judgment because "Kao was not a defendant"); *see also Freeman v. Freeman*, 160 Tex. 148, 156, 327 S.W.2d 428, 433 (1959), *overruled on other grounds by Mapco, Inc. v. Forest*, 795 S.W.2d 700 (Tex. 1990); *McDade*

3

*v. Sams*, 545 S.W.2d 205, 207 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ), *disapproved of on other grounds by El Paso Pipe & Supply Co. v. Mountain States Leasing, Inc.*, 617 S.W.2d 189 (Tex. 1981).

The trial court here possessed discretion to find, as it did, that Aguilar was not entitled to a default judgment against Appellees and to deny Aguilar's motion for a default judgment. *See Crown Asset Mgmt., L.L.C.*, 2008 WL 3867638, at *2. But the trial court was not authorized—on Aguilar's motion for a default judgment—to render and sign a judgment for Appellees, especially in light of Aguilar's payment of a jury fee. *See* Tex. R. Civ. P. 239; *Kao*, 261 S.W.3d at 65; *see also, e.g., Freeman*, 160 Tex. at 156, 327 S.W.2d at 433; *McDade*, 545 S.W.2d at 207. Accordingly, we sustain Aguilar's sole issue, reverse the trial court's judgment, and remand this case to the trial court.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: November 6, 2008

4