Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00882-CV

Jane **RIVERA** a/k/a Jane Clayton,
Appellant

v.

Arthur **RIVERA**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-17600
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 17, 2012

MOTION FOR REMITTITUR GRANTED; AFFIRMED

Jane Rivera a/k/a Jane Clayton files this restricted appeal challenging the trial court's order granting a petition for enforcement with regard to a final divorce decree. Jane contends: (1) the trial court lacked plenary power to enter the order; and (2) the order included an award for unliquidated damages in the absence of any evidence to support the award. Arthur responded to Jane's second issue by filing a motion for remittitur of the amount the trial court awarded in attorney's fees. We grant Arthur's motion for remittitur and affirm the trial court's order.

**BACKGROUND**

On April 19, 2005, a divorce decree was signed dissolving Jane and Arthur's marriage. The decree was based on the parties' agreement and included an award of a judgment against Jane in the amount of $20,000 as part of the just and right division of the community property. The decree provided that interest would accrue on the judgment at 7.5% compounded annually and 7.5% on all unpaid payments. The judgment was secured by a lien against real property.

In 2009, Arthur filed a petition to enforce the property division, and the parties entered into a Rule 11 Agreement pursuant to which Jane agreed to resume payments of the $20,000 judgment. The order signed by the trial court found the total judgment due as of March 15, 2010 was $12,353.40, and ordered Jane to make monthly payments in the amount of $232.32 beginning January 1, 2010, until paid in full.

On December 13, 2010, Arthur filed another petition to enforce the property division, alleging Jane failed to make any payments in accordance with the prior order. Arthur requested a judgment in the amount of $21,617.00,[1] plus interest at 7.5%, and an order directing Jane to sell "the property against which the lien is held." Jane did not appear for the hearing on Arthur's petition, and the trial court signed a default order on March 31, 2011, directing Jane to sell the property against which Arthur held a lien and to pay Arthur $21,617.00 from the proceeds of the sale. The order also required Jane to pay Arthur's attorney's fees in the amount of $1,250.00.

Jane timely filed a restricted appeal challenging the trial court's 2011 default order.

**RESTRICTED APPEAL REVIEW**

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3)

---

[1] Arthur's petition contains a request for a judgment for $12,353.40 plus interest at 7.5% and a prayer for a judgment for $21,617.00, plus interest at 7.5%.

it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). The face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). It is well settled that an appellant in a restricted appeal may challenge the legal and factual sufficiency of the evidence to support the trial court's judgment. *Id.*

## PLENARY POWER

In her first issue, Jane contends the trial court's order is void on its face because the trial court lacked jurisdiction to issue an enforcement order that changed its judgment after its plenary power expired thirty days after the divorce decree was signed.[2] Arthur responds that the trial court retained jurisdiction to enforce the division of property in the decree pursuant to section 9.006 of the Texas Family Code, and the trial court's order did not modify the decree.

Section 9.006 of the Texas Family Code gives a trial court the discretion to "render further orders to enforce the division of property made in [a] decree of divorce." TEX. FAM. CODE ANN. § 9.006(a) (West 2006). A party awarded a judgment secured by a lien in a divorce decree has the right to foreclose and sell the property if the judgment is not paid. *Watson v. Heaton*, No. 14-09-00717-CV, 2010 WL 5132565, at *4 (Tex. App.—Houston [14th Dist.] Dec. 14, 2010, no pet.) (mem. op.); *Kimsey v. Kimsey*, 965 S.W.2d 690, 697-98 (Tex. App.—El Paso 1998, pet. denied). In this case, the trial court rendered a judgment of judicial foreclosure to enforce the division of property made in the divorce decree. Accordingly, the trial court had

---

[2] Although Jane refers to the trial court's 2010 order in her brief, the only order before this court in this restricted appeal is the trial court's 2011 order.

plenary power to enter the enforcement order pursuant to section 9.006, and Jane's first issue is overruled.

## DAMAGES

In her second issue, Jane contends the trial court erred in entering a default judgment that included unliquidated damages without supporting evidence. Arthur responded with a motion for remittitur, conceding the $1,250.00 awarded in attorney's fees was improper.

Although it is unclear from Jane's brief whether she is challenging only the $1,250.00 awarded in attorney's fees, we note that the amount due pursuant to the judgment is a liquidated amount. A trial court can enter a default judgment if it can verify the damages by looking at the allegations in the petition and written instruments. *Crown Asset Mgmt., L.L.C. v. Bogar*, 264 S.W.3d 420, 423 (Tex. App.—Dallas 2008, no pet.). A claim is liquidated if the amount of damages may be calculated accurately from the factual allegations in the petition and written instruments. *Bluebonnet Fin. Assets v. Miller*, 324 S.W.3d 603, 612 (Tex. App.—El Paso 2010, no pet.); *Bogar*, 264 S.W.3d at 423. In the instant case, the amount of the prior judgment was $12,353.40, and the interest rate to be applied was 7.5%. Accordingly, the trial court was able to calculate the new judgment amount from the factual allegations in the petition, the divorce decree, and the prior judgment.

With regard to the attorney's fees, Arthur concedes this award was an unliquidated amount, and no evidence was presented to prove the amount of the award. If an appellate court sustains a no evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for new trial on the issue of unliquidated damages. *Cotton Patch Café v. McCarty*, No. 2-05-082-CV, 2006 WL 563307, at *4 (Tex. App.—Fort Worth Mar. 9, 2006, no pet.) (mem. op.) (quoting *Holt Atherton Indus., Inc.*

*v. Heine*, 835 S.W.3d 80, 86 (Tex. 1992). An appellate court may, however, also suggest a voluntary remittitur of an amount. *Id.* If an appellate court finds that part of a damages verdict lacks sufficient evidentiary support, the proper course is to suggest a remittitur of that part of the damages. *Id.*

Because no evidentiary support was offered in support of the attorney's fees awarded in the instant case, the proper course would be to suggest a remittitur of the award of attorney's fees. *Id.* Arthur, however, has already offered the remittitur in his motion. Accordingly, we grant Arthur's motion.

**CONCLUSION**

Arthur's motion for remittitur is granted, and the order of the trial court is affirmed based on Arthur's remittitur of attorney's fees in the amount of $1,250.00.

Catherine Stone, Chief Justice